AO 241 (Rev. 01/15)

**AMENDED**

FILED

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2016 JUN -2 AM 10: 52

| United States District Court | District: Middle District of Florida |
|---|---|
| Name (under which you were convicted): Donald Otis Williams | |
| Place of Confinement: P.O. Box 800, Florida State Prison, Raiford, Fl. 32083 | Prisoner No.: U13479 |
| Petitioner (include the name under which you were convicted) DONALD O. WILLIAMS | Respondent (authorized person having custody of petitioner) v. SECRETARY, DEPARTMENT OF CORRECTIONS |
| The Attorney General of the State of: Florida | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Circuit Court, Fifth Judicial Circuit, 500 Main St., Tavares, Florida 32778

   (b) Criminal docket or case number (if you know): 2000-CF-2130

2. (a) Date of the judgment of conviction (if you know): November 21, 2013

   (b) Date of sentencing: November 21, 2013

3. Length of sentence: 20 years incarceration

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Violation of Probation (VOP)

   LEGAL MAIL PROVIDED TO FLORIDA STATE PRISON DATE 5-27-16 FOR MAILING. INMATES INITIALS DOW

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: District Court of Appeal, Fifth District (5th DCA)
(b) Docket or case number (if you know): 5D13-4404
(c) Result: Affirmed
(d) Date of result (if you know): February 10, 2016 (mandate issued)
(e) Citation to the case (if you know): _____
(f) Grounds raised: Appellate counsel appointed w/ Anders brief filed. Petitioner objected and filed opposition pursuant to (5th DCA) court orders

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

AO 241 (Rev. 01/15)

Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Fifth Judicial Circuit Court

(2) Docket or case number (if you know): 2000-CF-2130

(3) Date of filing (if you know): March 13, 2015 (initiated)

(4) Nature of the proceeding: Florida Rules of Criminal Procedure 3.850

(5) Grounds raised: Trial court errors; appointed public defender deficiency, and misrepresentation. Prosecutorial misconduct however the core of the pleading was a request to file FCrP Rule 3.850 motions

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: Petitioner was granted access to the court

(8) Date of result (if you know): March 25, 2015

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Fifth Judicial Circuit Court

    (2) Docket or case number (if you know): 2000-CF-2130

    (3) Date of filing (if you know): December 2015

    (4) Nature of the proceeding: F Cr P Rule 3.850 motion

    (5) Grounds raised: Petitioner pleaded for eye glasses; could not research or file redress; Sheriff no response

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☐ Yes  ☒ No

    (7) Result: Pleading granted but not enforced

    (8) Date of result (if you know): ___

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: Fifth Judicial Circuit Court

    (2) Docket or case number (if you know): 2000-CF-2130

    (3) Date of filing (if you know): January 2016

    (4) Nature of the proceeding: F Cr P Rule 3.850

    (5) Grounds raised: Pleaded for proceeding transcripts and depositions transcripts

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied without prejudice

(8) Date of result (if you know): February 2, 2016

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☒ No

(2) Second petition:  ☐ Yes   ☒ No

(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

1) First petition granted. 2) Second petition was granted but Lake County Sheriff's Office refuses to adhere to order. 3) Third petition is prohibited by the 5th DCA

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: On November 21, 2013 Petitioner was denied counsel at sentencing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On November 21, 2013 Petitioner was before trial court during violation of probation hearing. Petitioner represented self due to being given option without alternative (Hobson's Choice). A sentence hearing is critical stage of proceeding whereas trial court must offer a defendant counsel at sentencing

(b) If you did not exhaust your state remedies on Ground One, explain why: Petitioner's appointed counsel in appellate proceeding filed Anders brief vehemently arguing no trial court error occurred [FCrP Rule 3.111(d)(5)] despite Barber v State, 918 So. 2d 1013 (Fla. 2nd DCA 2006) citing at 1015-16 Hollinger v State, 749 So. 2d 534 (Fla. 5th DCA 1999) whereas appellate counsel was ineffective but allows Petitioner to pursue FRAP 9.141(d) regarding FCrP Rule 3.111(d)(5) Hays v State, 63 So 3d 887 (Fla. 5th DCA 2011)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Appointed appellate counsel refused to Petitioner's alternative includes FRAP Rule 9.141 (d) Petitioner was divested of eyeglasses, due process materials

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post Conviction Relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, 550 W. Main St., Tavares, Florida 32778

Docket or case number (if you know): 2000-CF-2130

Date of the court's decision: March 30, 2016

Result (attach a copy of the court's opinion or order, if available): Denied 26 arguments listed

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): The 5th DCA refused to accept the notice of appeal despite allowing Petitioner to file during direct appeal

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Petitioner was prohibited from filing pro se in 5th DCA in 2006 (5D05-4254). But in case 5D13-4404 the 5th DCA withdrew the prohibition order and allowed Petitioner to file with the court which he respectfully did without adverse court action or restriction

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Petitioner, on May 23, 2016 filed a petition for all writs to the Florida Supreme Court requesting the court to direct the 5th DCA to allow Petitioner appeal process, but the court will not grant the petition

GROUND TWO: Trial court forced Petitioner to represent self

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Numerous conflicts between public defender and Petitioner created in 2001 produced adversarial relationship. The court record is inundated with statements and documents by outside parties and officers of the court which unequivocally support Petitioner's assertion public defender misrepresented Petitioner numerous times. Petitioner was provided with no option nor any choice or alternative other than self representation.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Trial court ruled on March 30, 2016 Petitioner's claim was an ineffective assistance of appellate counsel claim under FRAP Rule 9.141(d) which "should have been raised on direct appeal" by appointed appellate counsel.

(c) **Direct Appeal of Ground Two:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No
   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Appellate counsel refused to

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
       ☑ Yes   ☐ No
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: Motion for Post Conviction Relief
   Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, 550 W. Main St., Tavares, Florida 32778
   Docket or case number (if you know): 2000-CF-2130
   Date of the court's decision: March 30, 2016

Result (attach a copy of the court's opinion or order, if available): Court's decision was issued that "should have been raised on direct appeal."

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): The court refused to accept the notice of appeal on May 4, 2016 which Petitioner received on May 18, 2016

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Please see GROUND ONE (d)(6)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Please see GROUND ONE (e)

**GROUND THREE:** Petitioner was denied due process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner was denied due process materials (pens, paper, envelopes, stamps) when forced to represent self. Petitioner was denied access to subpoenaed witnesses. Petitioner was denied discovery documents used in proceedings including public defender case file

(b) If you did not exhaust your state remedies on Ground Three, explain why: 5th DCit Would not accept notice of appeal

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Appointed appellate counsel refused to.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post conviction relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, 500 W. Main Str., Tavares, Florida 32778

Docket or case number (if you know): 2000-CF-2130

Date of the court's decision: March 30, 2016

Result (attach a copy of the court's opinion or order, if available): Please see Ground Two (d)(6)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 

Docket or case number (if you know): 

Date of the court's decision: 

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: See GROUND ONE (d)(7).

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Please see GROUND ONE (e) noting time bar and imminent Florida Supreme Court rejection regarding matters collectively inherent to district court rulings in pro se filings

GROUND FOUR: PROSECUTORIAL MISCONDUCT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
State possesses address and phone number of extremely critical exculpatory witness whom seen Petitioner with $1700 (Seventeen-hundred dollars) the day before charged incident that led to charge which would divest state of motive. But State refuses to provide phone number and address of exculpatory witness despite objection and protests from Petitioner and State refuses to provide discovery material in proceedings although Petitioner objected contemporaneously.

(b) If you did not exhaust your state remedies on Ground Four, explain why: 5th DCA would not accept notice of appeal

(c) Direct Appeal of Ground Four:
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No
(2) If you did not raise this issue in your direct appeal, explain why: Appointed appellate counsel refused to

(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Motion for post conviction relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, 500 W Main St., Tavares, Florida 32778

Docket or case number (if you know): 2000-CF-2130

Date of the court's decision: March 30, 2016

Result (attach a copy of the court's opinion or order, if available): Court stated issue "should have been raised in direct appeal." by appointed appellate counsel.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: See GROUND ONE (d)(7)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Please see GROUND ONE (e)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☑ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Petitioner is being denied copies of documents he has lawful right to that were a product of public expense. The probability of exculpatory evidence is high and support is unequivocal in documents by public defender

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    The fact that documents being withheld by public defender is clear inasmuch as public defender rejects Florida law which provides Petitioner has right to copies of documents that are in public defender file

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

    _____
    _____
    _____
    _____
    _____
    _____
    _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☑ Yes   ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. As Petitioner stated previously a petition for all writs was sent on May 23, 2016 asking the court to direct the 5th DCA to allow Petitioner to file Rule 9.141(d) petition but that instrument does not challenge directly the judgment and sentence of trial court so it is not an attack per se.

    _____
    _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Assistant Public Defender William Leslie Grossenbacher, 123 N. Sinclair Ave., Tavares, Florida 32778

   (b) At arraignment and plea: _____

   (c) At trial: _____

   (d) At sentencing: _____

   (e) On appeal: Anne Moorman Reeves, Assistant Public Defender, Appellate Counsel, 444 Seabreeze Blvd., Suite 210, Daytona Beach, Florida 32118

   (f) In any post-conviction proceeding: _____

   (g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☐ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: Petitioner expects to be exonerated from judgment pursuant to direct appeal acquittal

   (b) Give the date the other sentence was imposed: February 28, 2014

   (c) Give the length of the other sentence: Death

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☒ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner filed for his ability to file post conviction motion on March 13, 2015. Petitioner wrote the Lake County Sheriff asking for his eyeglasses numerous times without response. In December 2015 Petitioner filed a motion to compel with trial court pleading for the court to instruct Lake County Sheriff to provide Petitioner's eyeglasses so Petitioner could research and prepare post conviction pleadings. Trial court granted Petitioner's motion

but Lake County Sheriff refuses to surrender Petitioner's eyeglasses, even to this day. On April 6, 2016 at 3PM the State of Florida provided Petitioner with prescription eyeglasses. This Court is asked to consider Petitioner's serious mental disorders that include severe bipolar manic and extreme seizure diseases of epilepsy and psychogenic which Petitioner has been administered anti-seizure and bipolar medications since October 2010, however Petitioner has been diagnosed with posttraumatic stress disorder, frontal lobe dementia and conditions that can't be treated by medications. The diagnoses amounting to over one-dozen medical specialists with doctorate degrees as well as numerous mental health experts' diagnoses are clearly evident in the record. Also Petitioner pleads further excusable neglect by taking into account the 5th DCA allowed Petitioner to file with the court in respect to case number: 5D13-4404 having previously barred Petitioner in case number 5D05-4254. The only manner to defeat the AEDPA is to file with this court now if the court accepted cumulative time of trial court's March 25, 2015 order, the direct appeal, notice of appeal process which the Court should note the date of the 5th DCA's refusal to accept Petitioner's notice of appeal being May 4, 2016; the envelope's postmark is May 13, 2016 and the reception date is May 18, 2016

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 01/15)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Petitioner respectfully pleads to the Honorable Court to allow the petition to be amended, granted and counsel appointed to represent Petitioner in this habeas action

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May 27, 2016 (month, date, year).

Executed (signed) on May 27, 2016 (date).

Donald Otis Williams
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____