UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DONALD OTIS WILLIAMS,**

    Petitioner,

v.                                                      **Case No: 5:16-cv-357-Oc-10PRL**

**SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL**

    **Respondents.**

_____

**ORDER TO SHOW CAUSE AND
<u>NOTICE TO PETITIONER</u>**

Upon consideration of the Amended Petition and pursuant to the Rules Governing § 2254 Cases in the United States District Courts, it is hereby **ORDERED:**

    A.    **CLERK OF COURT**: The **Clerk of Court** is directed to electronically deliver a copy of this Order and the Amended Petition (Doc. 2) to the Respondents at the designated email addresses on file with the Clerk's Office. A copy of this Order shall also be served on the Petitioner.

    B.    **RESPONDENTS**: Within **NINETY (90) DAYS** from the date on this Order **Respondents shall**:

        1. File a Response, entitled "Response to Petition," stating why the Petition should not be granted.

        2. In the Response to the Petition, **Respondents shall** also:

            a. State whether either the United States District Judge or the United States Magistrate Judge assigned to this case was involved in any of Petitioner's state court

    proceedings. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.

b. Provide a detailed explanation of whether the petition was or was not filed within the one-year statute of limitation period set forth under 28 U.S.C. § 2244(d). If the Petition is untimely, the Respondents may file a "Limited Response" addressing only the timeliness issue.

c. Summarize the results of any direct appeal and/or postconviction relief sought by petitioner to include citation references and copies of all published opinions. Provide copies of appellate and appellee briefs from every appellate and/or postconviction proceeding.

d. State whether an evidentiary hearing was accorded Petitioner in the pre-trial, trial and/or postconviction stage and whether transcripts are available from those proceedings.

e. Procure transcripts and/or narrative summaries in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Court. The exhibits shall be complete, not merely portions that Respondents deem relevant to the issues presented. However, the *voir dire* portion of the jury trial is not necessary unless there are issues related to the jury selection.

f. Any references in the Response to supporting exhibits must be clearly identified and include the corresponding citation to the record. All supporting exhibits must be tabbed for the ease of this Court's review. The exhibits shall be individually marked for identification, and each exhibit shall not contain more than one document. A table of contents or index shall be included to aid the Court in locating such documentary exhibits. Respondents shall alphabetize or number their exhibits. Roman numerals should not be utilized. If Petitioner submits exhibits, Petitioner shall label them (A, B, C, etc.).

g. A party who electronically files a document that exceeds twenty-five (25) pages (including exhibits) in length must provide a courtesy copy of that document (including exhibits) to the Clerk, who will forward it to

      the assigned District Judge's chambers. The courtesy copy can be in either paper or electronic format. If submitted electronically, the courtesy copy shall be a single PDF file with bookmarks describing the exhibit number and contents of each exhibit. The PDF copy shall be provided electronically on a CD or other electronic storage means. If the bookmarked PDF file can be uploaded to CM/ECF, a courtesy copy is not necessary. The courtesy copy does not need to be provided simultaneously with the electronic filing of the document; however, the courtesy copy should be submitted within fourteen (14) days of that filing and may be provided via United States mail or other reliable service.

  h.  State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the State. If Petitioner has not exhausted available state court remedies, provide analysis of those remedies or indicate whether Respondents waive the exhaustion requirement. <u>Thompson v. Wainwright</u>, 714 F.2d 1495 (11th Cir. 1983).

  i.  As to any ineffective assistance of counsel claims that are alleged to be procedurally defaulted because they were not raised during Petitioner's initial-review collateral proceedings, Respondents shall include a discussion of: (1) whether there has been a showing of cause to excuse the procedural default under <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012), <u>Trevino v. Thaler</u>, 133 S.Ct. 1911 (2013); and (2) the merits of the claim as an alternate basis for disposition.

C.  **PETITIONER**:

1. Within **FORTY-FIVE (45) days** of the filing of the Response, **Petitioner may** file a Reply, failing which the Petition will be deemed ripe for review.

2. **Petitioner shall** advise the Court of his current mailing address at all times, especially if the Petitioner is released from custody. Failure to do so may result in the dismissal of this action for failure to prosecute without any additional warning.

A. **Petitioner shall** mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed to the Respondents.

**DONE AND ORDERED** at Ocala, Florida, this 30th day of June 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties, Counsel of Record