UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD OTIS WILLIAMS,

    Petitioner,

vs.                                Case No. 5:16-cv-357-Oc-10PRL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
and FLORIDA ATTORNEY GENERAL,

    Respondents.
_____/

"<u>RESPONSE TO PETITION</u>"

    COME NOW, Respondents, through undersigned counsel, and submit their "Response to Petition" pursuant to this Court's Order dated June 30, 2016.

    1.  This "Response to Petition" is submitted pursuant to <u>McBride v. Sharpe</u>, 25 F.3d 962 (11th Cir. 1994), and relies solely upon court records[1] for its factual averments.

    2.  Petitioner is not entitled to relief because he has not properly exhausted his state court remedies.

    In support thereof, Respondents submit the following memorandum of law.

---

[1] Respondents are unaware of any relevant proceedings which have been recorded and are not transcribed.

MEMORANDUM OF LAW

<u>Statement of the Case and Facts</u>

On November 5, 2001, Petitioner entered a plea of nolo contendere to an amended charge of carjacking, and Petitioner received a sentence of thirty years imprisonment with twenty years suspended on the condition that he complete five years of sex offender probation followed by fifteen years supervised felony probation. (Exhibit A at pp. 70-75).[2] Petitioner's time for withdrawing his plea expired on December 5, 2001. <u>See</u> Fla. R. App. P. 9.140(b)(3).

On July 1, 2004, Petitioner filed a petition for belated direct appeal. (Exhibit B). The petition for belated appeal was denied on August 2, 2004. (Exhibit C).

On or about November 27, 2002, Petitioner filed an initial Rule 3.850 motion for postconviction relief. (Exhibit A at pp. 103-111). Petitioner filed an addendum to his Rule 3.850 motion and numerous other motions/petitions/ communications/letters raising various claims attacking his plea/judgment/sentence. (Exhibit A). The trial court entered numerous orders denying relief on Petitioner's various filings, and Petitioner entered numerous notices of appeal. (Exhibit A). The trial court's orders were per curiam affirmed on October 25, 2005. <u>Williams v. State</u>,

---

[2]References are to Respondents' appendix filed in Case No. 5:04-cv-427-Oc-10GRJ.

917 So.2d 205 (Fla. 5th DCA 2005).

On or about September 17, 2004, Petitioner filed his initial petition for writ of habeas corpus in this Court challenging his November 5, 2001, conviction and sentence. On August 17, 2008, after an evidentiary hearing, this Court denied the petition; and, on February 2, 2009, this Court denied Petitioner's application for certificate of appealability. See Case No. 5:04-cv-427-Oc-10GRJ.

On August 1, 2009, Petitioner was released from prison to serve probation. On June 4, 2010, Petitioner plead guilty to violating the conditions of his probation, and Petitioner's probation was reinstated with all conditions remaining the same. (Exhibit A at pp. 726-731).[3]

On October 23, 2010, Petitioner was taken into custody for again violating the conditions of his probation by absconding. (Exhibit A at pp. 734-747). On January 20, 2011, Petitioner was charged with violating additional conditions of his probation - for the robbery, kidnapping, and murder of Janet Louise Patrick. (Exhibit A at pp. 755-756). On November 22, 2013, Petitioner's probation was revoked, and he was sentenced to 20 years incarceration. (Exhibit A at pp. 855, 857-861). The revocation of Petitioner's probation was per curiam affirmed on December 9,

---

[3] References are to Respondents' appendix filed in Case No. 5:11-cv-359-Oc-10PRL.

2014. <u>Williams v. State</u>, 156 So.3d 1104 (Fla. 5th DCA 2014). Petitioner is currently on deathrow.

Petitioner submitted his second petition for writ of habeas corpus for mailing on July 8, 2011. Petitioner filed various motions to amend and to supplement his petition(s). On August 25, 2014, this Court dismissed Grounds Two, Three, and Four as untimely, and granted Petitioner's motion to amend adding a Ground Six. On January 25, 2016, this Court denied Grounds One, Five, and Six; and, denied the Petition with prejudice. (Case No. 5:11-cv-359-Oc-10PRL).

Petitioner alleges that he filed a Rule 3.850 motion for postconviction relief, raising 26 arguments, that was denied by the trial court on March 30, 2016. (Petition at p. 7). That trial court order is currently on appeal in the Fifth District Court of Appeal. (Case No. 5D16-2355).

On May 21, 2016, Petitioner filed the instant amended petition for writ of habeas corpus.

<u>Exhaustion</u>

Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court. 28 U.S.C. § 2254(b)(1); <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343 (11th Cir. 2004). In order to be exhausted, a federal claim must be fairly presented to the state courts. <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971).

"It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley, 377 F.3d at 1343-44 (citing Picard, 404 U.S. at 275-76, 92 S.Ct. at 512 and Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982)). Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." Picard, 404 U.S. at 275, 92 S.Ct. at 512 (citations omitted). While a verbatim restatement of the claims brought in state court is not required, a petitioner is required to present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." Kelley, 377 F.3d at 1344-45 (citing Picard, 404 U.S. at 277, 92 S.Ct. at 513).

Further, in order to be exhausted, the petitioner must "invoke one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999).

<u>Abstention Doctrine</u>

Petitioner appears to present four grounds for relief to this Court. Petitioner alleges that he raised those four grounds

in his Rule 3.850 motion for postconviction relief that was denied by the trial court on March 30, 2016. However, as detailed above, that trial court order is currently on appeal in the Fifth District Court of Appeal. (Case No. 5D16-2355). Under such circumstances, a federal habeas corpus petition is premature.

The <u>Younger</u> abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 53-54, 91 S. Ct. 746 (1971). If <u>Younger</u> abstention applies, a court may not retain jurisdiction, but should dismiss the action. <u>Judice v. Vail</u>, 430 U.S. 327, 348, 97 S. Ct. 1211 (1977). Courts have "long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power." <u>Francis v. Henderson</u>, 425 U.S. 536, 539, 96 S.Ct. 1708 (1976). In the habeas context, <u>Younger</u> abstention promotes both the interests of comity and judicial economy. A habeas petitioner may be acquitted at trial, or on appeal, thereby mooting the federal issue in the petition. <u>Sherwood v. Thompson</u>, 716 F.2d 632, 634 (9th Cir. 1983).

CONCLUSION

Based on the foregoing, it is submitted that the petition for writ of habeas corpus should be dismissed as premature. Failing that, it should be dismissed as an unexhausted petition.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

s/ Douglas T. Squire
DOUGLAS T. SQUIRE
ASSISTANT ATTORNEY GENERAL
Florida Bar No. 0088730

OFFICE OF THE ATTORNEY GENERAL
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118
Telephone: (386)238-4990
Facsimile: (386)238-4997
douglas.squire@myfloridalegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that on this 30th day of September 2016, I electronically filed the foregoing "Response to Petition" with the Clerk of Court using the CM/ECF system. I further certify that a true and correct copy of the "Response to Petition," and the notice of electronic filing has been furnished by U.S. Mail to the following non-CM/ECF participant: Donald O. Williams, DC# U13479, Florida State Prison, 7819 N.W. 228th Street, Raiford, Florida 32026-1000.

                                                      s/ Douglas T. Squire
                                                     Douglas T. Squire
                                                     Assistant Attorney General