UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEGAL MAIL PROVIDED TO
FLORIDA STATE PRISON
DATE 10-10-16 FOR MAILING.
INMATES INITIALS DW

DONALD OTIS WILLIAMS,
    Petitioner,

V.                    Case Number: 5:16-cv-357-P

SECRETARY, DEPARTMENT
OF CORRECTIONS AND
FLORIDA ATTORNEY GENERAL,
    Respondents.

FILED 2016 OCT 13 AM 11:03 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL OCALA FLORIDA

## NOTICE TO THE COURT

NOTICE IS HEREBY GIVEN that Petitioner received Respondents' "Response to Petition" on October 4, 2016. Pursuant to the Honorable Court's Order dated June 30, 2016 Respondents were allowed 90 days to respond to the Court's Order whereas the filing date in respect to Respondents' Response indicates the Response exceeded the time mandated. The Court should address the clear fact Respondents' Response is time barred and appropriate measures should be taken due to Respondents' failure to adhere to this Honorable United States District Court Order.

Notwithstanding the irrefutable fact Respondents' Response is time barred and accordingly should be stricken Petitioner, pursuant to the Honorable Court's Order, is allowed 45 days from the filing date of Respondents' Response in which to file a reply. [FN1]

Notice is further provided to the Court Petitioner will file "Petitioner's Reply to Respondents' Response" no later than November 14, 2016. Despite Respondents' Response having been

filed beyond the 90 days mandated in the Court's Order the Response is divested of numerous facts. Simply put the contents of the Response fails to disclose to the Court the appellate court on May 4, 2016 refused to allow Petitioner access with the appellate court. Petitioner received the appellate court's rejection on May 18, 2016. Due to the fifth district court of appeal refusal to allow Petitioner to file with the appellate court Petitioner timely filed the instant petition.

Furthermore Respondents' Response neglects to inform the Honorable Court Florida Supreme Court case number: SC16-990 generated responses from the Respondents, and appellate court's legal representative Sharon Marie Serra which unequivocally stated the fifth district court's decision to reject Petitioner's constitutional rights by order on May 4, 2016 was improvidently rendered, no less than an unmistakable plain legal error. The fifth district court of appeal order dated May 4, 2016 was fundamental error therefore anticonstitutional.

As Petitioner will provide the Honorable Court in the upcoming Reply in an extensive manner Respondents' Response is not as cut and dried as it would hope to persuade the Honorable Court to be. Petitioner will provide in his Reply constitutional law governing section 2254 actions that reflects commonalities between Petitioner's cause and federal mandates requiring relief to be furnished to Petitioner because the claims are beyond state law as to the extent of being pointless in state court actions whereas the only remedie is with federal habeas action.

The Honorable Court should take notice Respondents reference case number: 5:11-cv-359-0c-10 PRL.

(Response at Page 3, n.3) The Honorable Court should take notice that Petitioner situation in the case in 2011 was the same as he faced earlier this year inasmuch as trial court denied Petitioner access with the circuit court in respect to the June 4, 2010 judgment and sentence. The Florida Supreme Court stated in case number: SC16-990 "a violation of probation proceeding [] is distinct from the underlying conviction." As Petitioner stated above all state courts and state entities agree with the Supreme Court. The Florida Supreme Court states the lower courts' rejections of Petitioner's rights to access state courts regarding VOP proceedings is fundamental error. The rejection of Petitioner's pleadings on May 4, 2016 have been ruled unconstitutional. The Honorable Court must therefore take notice Petitioner's rights were violated in respect to the rejections of his pleadings in circuit court and appellate court concerning the June 4, 2010 VOP proceeding. There is no difference in the June 4, 2010 VOP judgment and sentence and the post judgment rejections of timely filed pleadings from Petitioner by the state circuit court and the state appellate court as compared to the November 21, 2013 VOP judgment and sentence and the rejection by the state appellate court refusing to allow Petitioner access with the court of appeal for the fifth district of Florida.

    The Honorable Court, in case no. 5:11-cv-359-Oc-10PRL was persuaded by Respondents there were no claims available to Petitioner in his federal petition for habeas relief, however the Court should reflect upon its decision as being in need of revision because the state courts erected an anticonstitutional barrier that was impenetrable to Petitioner where he was prevented

3

from exercising his constitutional right to access the court. The only avenue of redress was with this Honorable Court. Petitioner could not access the state circuit court or the state appellate court which left him no choice but federal pleadings.

Respondents revisit case no. 5:11-cv-359 but, like then as now in their Response Respondents neglect to inform the Honorable Court Petitioner's rights were, pursuant to Florida Supreme Court action deemed to be in clear violation of the Constitutions of the State of Florida and of the United States.

Florida Supreme Court case number: SC16-990 exposed state court errors involving Petitioner's VOP judgments and sentences in so far as prohibition orders only apply to the underlying conviction of November 5, 2001 not to the VOP proceedings of June 4, 2010 and November 21, 2013. With this information being provided to the Honorable Court Petitioner prays the Court reaccess the 5:11-cv-359 decision.

Nevertheless, in respect to the instant case the instant petition should not be dismissed as Respondents would hope and Petitioner will, in his upcoming Reply provide the Honorable Court with convincing evidence in which to grant the petition.

Respectfully submitted by Donald O Williams.

### FOOTNOTE

[FN1] Petitioner objects to Respondents' Response being divested of the exhibits referenced. Petitioner has stated numerous times to the Court Respondents' exhibits concerning case number: 5:04-cv-427 were illegally confiscated by Marion County Sheriff in July 2008 when

4

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I placed this document in the hands of prison officials at Florida State Prison.

for mailing via U.S. Mail to: United States District Court,
**PARTIES SERVED**
207 NW Second Street, Ocala Florida 34475-6666, Attorney General, 444 Seabreeze Blvd., Fifth Floor, Daytona Beach, Florida 32118

on this 6th day of October, 2016
  DAY         MONTH         YR.

/S/ Donald O. Williams
    Donald O. Williams
    DC# 113479
Florida State Prison
P.O. Box 800
Raiford, FL 32083

FOOTNOTE (CONTINUED)

[FN1] the Court ordered Petitioner to appear pursuant to the Court's federal evidentiary hearing held on July 17, 2008. U.S. Marshals, per the Court's Order brought Petitioner to the Marion County Detention Center to be housed pending the evidentiary hearing. Petitioner's documents, including Respondents' exhibits that accompanied Petitioner were taken by booking officers and "lost". Nevertheless the exhibits should be provided to Petitioner and the Court due to federal mandate requiring referenced material to be attached to the Response.

5

## UNNOTARIZED OATH

Under penalties of perjury, I declare that I have read the foregoing motion and the facts stated in it are true.

Executed this 10th day of ~~June~~ October, 2016.

/s/ Donald Otis Williams

6