UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DONALD OTIS WILLIAMS,**

      **Petitioner,**

**v.**                                                                    **Case No: 5:16-cv-357-Oc-10PRL**

**SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL**

      **Respondents.**

_____

## ORDER

Plaintiff, proceeding *pro se,* initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1]  (Doc. 1). On September 30, 2016, Respondents filed a Response to the Amended Petition stating, *inter alia*, that Petitioner is not entitled to relief because he has not properly exhausted his state court remedies.[2]  (Doc. 12).  Petitioner filed a Reply.  (Doc. 18).  This Petition is ripe for review.  For the reasons discussed below, the case is due to be stayed.

## Background

_____

[1] On June 2, 2016, Petitioner filed an Amended Petition.  (Doc. 2).

[2] The Response notes that Petitioner's appeal of a Rule 3.850 motion is pending before the Fifth District Court of Appeal, case number 5D16-2355.  (Doc. 12).

On November 5, 2001, Petitioner entered a plea of nolo contendere to an amended charge of carjacking, and received a sentence of thirty years imprisonment with twenty years suspended on the condition that he complete five years of sex offender probation followed by fifteen years supervised felony probation. See Doc. 12; Case No. 5:04-cv-427-Oc-10GRJ.  Petitioner's time for withdrawing his plea expired on December 5, 2001. See Fla. R. App. P. 9.140(b)(3); Fla. R. Crim P. 3.170(l).  Petitioner did not timely file a notice of appeal.[3] See Fla. R. App. P. 9.140(b)(3)

On or about November 27, 2002, Petitioner filed an initial Rule 3.850 motion for postconviction relief.  Petitioner filed an addendum to his Rule 3.850 motion and numerous other motions/petitions/communications/letters raising various claims attacking his plea/judgment/sentence.  The trial court entered numerous orders denying relief on Petitioner's various filings, and Petitioner entered numerous notices of appeal.  The trial court's orders were *per curiam* affirmed on October 25, 2005.  Williams v. State, 917 So. 2d 205 (Fla. 5th DCA 2005).

On or about September 17, 2004, Petitioner filed his initial petition for writ of habeas corpus in this Court challenging his November 5, 2001, conviction and sentence.  (Case No. 5:04-cv-427-Oc-10GRJ).  On August 17, 2008, after an evidentiary hearing, this Court denied the petition; and, on February 2, 2009, this

---

[3] On July 1, 2004, Petitioner filed a petition for belated direct appeal.  The petition for belated appeal was denied on August 2, 2004.

Court denied Petitioner's application for certificate of appealability.  See Case No. 5:04-cv-427-Oc-10GRJ.

On August 1, 2009, Petitioner was released from prison to serve probation. On June 4, 2010, Petitioner plead guilty to violating the conditions of his probation, and Petitioner's probation was reinstated with all conditions remaining the same. See Case No. 5:11-cv-359-Oc-10PRL.

On October 23, 2010, Petitioner was taken into custody for again violating the conditions of his probation by absconding.  On January 20, 2011, Petitioner was charged with violating additional conditions of his probation - for the robbery, kidnapping, and murder of Janet Louise Patrick.  On November 22, 2013, Petitioner's probation was revoked, and he was sentenced to 20 years incarceration.  The revocation of Petitioner's probation was *per curiam* affirmed on December 9, 2014.  Williams v. State, 156 So.3d 1104 (Fla. 5th DCA 2014). Petitioner is currently on deathrow.

Petitioner submitted his second petition for writ of habeas corpus for mailing on July 8, 2011.  (Case No. 5:11-cv-359-Oc-10PRL).  Petitioner filed various motions to amend and to supplement his petition(s).  On August 25, 2014, this Court dismissed Grounds Two, Three, and Four as untimely, and granted Petitioner's motion to amend adding a Ground Six.  On January 25, 2016, this Court denied Grounds One, Five, and Six; and, denied the Petition with prejudice.

Petitioner alleges that he filed a Rule 3.850 motion for postconviction relief, raising 26 arguments, that was denied by the trial court on March 30, 2016.  (Doc. 2 at p. 7).  That trial court order is currently on appeal in the Fifth District Court of Appeal.  (Case No. 5D16-2355 (Fla. 5th DCA)).

On May 21, 2016, Petitioner filed the instant amended petition for writ of habeas corpus.

### Conclusion

In light of the fact that Respondents have represented to the Court that the trial court order denying his Rule 3.850 motion is still being considered by the state court,[4] this case is hereby **STAYED**.  The **Parties** are directed to immediately file a notice with the Court when the state court proceedings become final.  The Clerk is, therefore, directed to **administratively close** the file and terminate all pending motions.

IT IS SO ORDERED.

DONE AND ORDERED at Ocala, Florida this 19th day of December, 2016.

_____

UNITED STATES DISTRICT JUDGE

Copies:  Petitioner, Counsel of Record

---

[4] Petitioner has the following cases that are pending in the state court:  (1) Case No. 5D16-2355 (Fla. 5th DCA); (2) Case No. 5D16-3553 (Fla. 5th DCA); and (3) Case No. SC16-1940 (Fla.).

4