SEP 29 2025 AM11:46
USDC - FLMD - OCA

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**DONALD OTIS WILLIAMS,**
    **Petitioner,**

**v.**                          **CASE NO: 5:16-CV-357-WFJ-PRL**

**SECRETARY, DEPARTMENT
OF CORRECTIONS, ET. AL.,**
    **Respondent(s)**
_____/

### ADDENDUM TO PETITION

**COMES NOW,** Petitioner in the above styled cause respectfully moving the Honorable Court to accept this supplication entitled Addendum to Petition to describe and explain the additional information that has occurred since the Amended Petition was submitted on June 2, 2016.

This addendum is in conjunction with Petitioner's recently filed "Motion to Supplement" dated September 4, 2025. The Supplemental Appendix used in the Motion to Supplement is referenced in this Addendum and requested to be utilized. The Supplemental Appendix used in this Addendum is an extension of the Supplemental Appendix of the Motion to Supplement, dated September 4, 2025.

**GROUND ONE** of the "Amended Petition" filed with this Honorable Court on June 2, 2016 located as filed on Document 2, page 5 of 15 argues Petitioner was

1

denied counsel at sentencing. To support this ground further is the fact trial judge administered an oath to public defender on August 2, 2013 (See Supp. App. at page A 157, lines 10-15) which disqualified public defender pursuant to *Bryant v. State,* 202 So. 3d 110, 111 (Fla. 5th DCA 2016) (citing *Kegler v. State,* 46 So. 3d 1061, 1062 (Fla. 2d DCA 2010) (FN1).

Following the under oath testimony of public defender during eve of trial hearing during August 2, 2013 which disqualified public defender, from that moment forward pursuant to *Bryant and Kegler* cited above trial judge did not see the anticonstitutional violations cited in *Kegler* and *Bryant.* However, had trial judge been given Petitioner's letter dated May 18, 2007 (Supp. App. page A172) found in the over 100,000 documents Petitioner forced public defender and State to release on August 28, 2018 (Supp. App. pages A15 and A25-A26) and CAPD Stone's response (Supp. App. page A173), trial judge would had dismissed the public defender from court appointment in case numbers: 2000-CF-2130 and 2011-CF-105 whereas Petitioner whom was struggling greatly due to severe withdrawals of long term medications abruptly stopped by L.C.D.C. on eve of August 12, 2013 trial as recorded throughout the August 21, 2013 proceeding (Supp. App. pages A106-A149) noting Supp App. at pages A170-A171, that public defender confirms the correct date of the August 21, 2013 proceeding instead of the false date listed on the cover page noting August 22, 2013 in error, trial judge would had corrected

2

the anticonstitutionality's of the trial accordingly to *Frazier,* 292 So. 3d at 850-51 and *Bryant,* 202 So. 3d at 111 citing *Kegler v. State,* had trial judge been made aware of laws protecting Petitioner whom was extremely struggling in mind conceptions because of sudden stoppage of long term anti-seizure medications and mind-altering medications by Lake County Detention Center deputies, on July 30, 2013, on eve of trial date August 12, 2013 as Petitioner argued in recently submitted Motion to Supplement, pages 8-12. Again Petitioner respectively moves the Honorable Court to be aware the evidence supporting this Addendum, as well as the Supplement, were concealed from Petitioner on the date the Petition was filed on June 2, 2016 as trial court record exposes on August 28, 2018 over 100,000 State evidence documents were forced by Petitioner's Chapter 119.07 Mandamus. (See Supp. App. at pages A15, A16-A19, A25-A26). Noting on December 12, 2018 standby counsel Gomez-Mallada was provided extremely exculpatory evidence by state prosecutor and trial court clerk (Supp. App. page A174), but has refused to give Petitioner, to this date, almost 7 years later, the evidence provided to her during December 12, 2018 proceeding. (FN2).

**GROUND TWO** of the "Amended Petition" filed with this Honorable Court on June 2, 2016 located as filed on Document 2, page 7 of 15 argues Petitioner was forced to represent himself. As briefly described previously during March 17, 2017 case number 2011-CF-105 proceeding the state introduced

3

evidence the state assured trial court had been provided Petitioner before the August 12, 2013 trial start date. However, after inspection of the 14 documents by self-representing Petitioner on March 17, 2017 and following March 23, 2017 proceeding Petitioner pointed out each of the 14 documents had empty boxes on the bottom of each of the state's evidence documents were indeed empty that indicated had Petitioner received the above referenced documents the empty boxes would had contained Petitioner's name by signature as indicated on the boxes. Petitioner during the two hearing proceedings of March 17, 2017 and March 23, 2017 vehemently asserted Petitioner had never seen the 14 documents referenced above and Petitioner exclaimed neither of the 14 documents were provided to Petitioner despite the February 28, 2013 order by trial court (Supp. App. at page A75) to Public Defender to do so.

Because the 14 documents above referenced were not provided to Petitioner before or during the August, 2013 trial Petitioner began to take steps as how much more evidence had been concealed from Petitioner. As explained during June 13, 2017 open court proceeding of cases 2000-CF-2130 and 2011-CF-105 in Petitioner's Motion to Supplement, pages 6-7 court-appointed standby counsel public defender had a legal meeting with Petitioner whereas public defender revealed CAPD William Stone had instructed all subordinates to not provide evidence to Petitioner. (FN3). This was described to trial court during June 13,

2017 proceeding that prompted public defender to move for withdrawal. In the motion to withdraw or letter to Petitioner and in open court on August 22, 2017 (FN4) not once had public defender denied Petitioner's under oath proclamation during June 13, 2017 proceeding in any manner afterward. Nevertheless, trial court did not order any hearing to answer the concealment of evidence assertion concerning either case number 2000-F-2130 or case number: 2011-CF-105 or contempt of court order of February 28, 2013 (Supp. App. A75). Petitioner asserts vehemently that *Frazier v. State,* 292 So. 3d 848, 850-51 (Fla. 5th DCA 2020) (citing *Von Waldner v. State,* 860 So. 2d 1061 (Fla. 5th DCA 2003) holding trial court to discharge defendant and were uncorrectable within speedy trial period) does in fact affect Petitioner whereas the Honorable Court is moved to apply *Frazier* and criminal key law to Petitioner.

Respective of *Bryant v. State,* citing *Kegler v. State,* as narrative stated previously in Ground One of this instrument once counsel is placed under oath by trial judge to testify against client Petitioner's disqualified counsel from further representation.

**GROUND THREE** of the "Amended Petition" filed with this Honorable Court on June 2, 2016 located as filed on Document 2, Page 8 of 15 argues due process was denied from Petitioner "(pens, paper, envelopes, stamps)" as unquestionably seen in "Motion to Supplement," Appendix page A24 in August 2,

5

2013 Request sent to L.C.D.C. Deputies. This argument also includes "Petitioner was denied discovery documents used in proceedings including Public Defender's Case File."

As described in the opening statement of the "Motion to Supplement" recently filed with the Honorable Court Petitioner asserts the reason to Supplement the Petition is "due to critically severe developments that have occurred since the filing of the petition." The obvious deprivation of due process materials by Lake County Detention Center is seen in page A24 of the Motion to Supplement as written above, however the State of Florida "discovery documents" and "public defender case file" were not provided to Petitioner until August 28, 2018 as unequivocally seen on pages A15 through A16-A19 and pages A25-A26 of the Appendix of the Motion to Supplement above referenced. The production of the 14 boxes containing over 100,000 state discovery evidence documents (Supp. App. page A15) and 62 (Sixty-two) discs (Supp. app. pages A16-A19) occurred well over 5 years after the February 28, 2013 order by trail court in associate case number: 2011-CF-105 (Supp. App. page A75) as described on pages of the recently filed Motion to Supplement. (See pages 5-7 of the Motion to Supplement). Had the state's evidence and public defender file been provided before or during the August, 2013 trial in case number: 2011-CF-105 as commanded by the February 28, 2013 Order (Supp. App. page A75) then neither the State of Florida

or public defender would have **re-copied** their records – **again.** Petitioner never received the over 100,000 documents or 62 D.V.Ds before or during the August, 2013 trial in which he was *pro se* in case numbers: 2000-CF-2130 and 2011-CF-105. Only after 5 years and more were the over 100,000 state discovery evidence received on August 28, 2018 (Supp. App. Page A15) and the 62 DVD's during December 12, 2018 and January 9, 2019 (Supp. App. pages A16 – A19). These egregious violations are subjected to discharge Petitioner pursuant to *Frazier v. State of Florida*, 292, So. 3d 848, 850-51 (Fla. 5th DCA 2020). (citing *Van Waldner,* 860 So. 2d 1061 (Fla. 5th DCA 2003) because discovery violation as well as contempt of court order resulted in cognizable prejudice to Petitioner until after the expiration of speedy trial period the result can only be discharge of Petitioner. (FN5).

Petitioner respectfully moves the Honorable Court to merge case numbers 2000-CF-2130 and 2011-CF-105, as discovery violations affected both in plain error.

**GROUND FOUR** of the "Amended Petition" filed with this Honorable Court on June 2, page 10 of 15 Petitioner argues prosecutorial misconduct inasmuch as the State of Florida concealed evidence seen forcibly produced on August 28, 2018, and (Supp. App. pages A15-        ) December 12, 2018 and January 9, 2019 (Supp. App. pages A16-A19) over 5 years after verdict. Note:

February 4, 2013 order and August, 2013 trial that, pursuant to *Frazier v. State,* 292 So. 3d 848 (Fla. 5th DCA 2020) Petitioner must be discharged. Additionally, despite trial court orders and common constitutional law the intentional contempt of trial court orders in concealment of felony criminal adjudications of State of Florida witnesses *Daniel Lee Culverhouse* (Sup. Appendix page A20) and *Scott Wilham Harrell* (Supp. App. pages A21-A23) whom both testified in open Court during August, 2013 trial satisfies the bombasity of the State of Florida and contempt of the justice of the constitution Petitioner fought to protect (Supp. App. pages A80-A82). Had the State of Florida provided State's evidence to self-representing Petitioner before or during August, 2013 trial the State would not had voluntarily provided over 100,000 State evidence documents (Supp. App. page A15) and 62 DVD's (Supp. App. pages A16-A19) on August 28, 2018; December 12, 2018 and January 9, 2019 over 5 years after the August, 2013 verdict in contempt of speedy trial and *Frazier* referenced above. As both cases, 2000-CF-2130 and 2011-CF-105 are strongly linked together, the intentional disregard of trial court and constitutional laws and Order to propel the State of Florida to convey the extensive felony convictions of both *Harrell* and *Culverhouse* aforementioned in Supplemental Appendix pages A20 and A21-A23 the concealment of witness criminal background was just another incredible disregard to conceal evidence from self-representing Petitioner during August, 2013 trial in

8

Case No: 2011-CF-105 and in case number: 2000-CF-2130, as shown in unequivocal display in the Motion to Supplement dated September 4, 2025 and throughout this Addendum to Petition in Supplemental Appendix and Supplemental Appendix II. (FN6).

As described with under oath proclamations by Petitioner in Amended Petition and in Motion to Supplement and in this instant Addendum to Petition including court documents in support thereof Petitioner moves the Honorable Court to view case numbers: 2000-CF-2130 and 2011-CF-105 as (FN7) irrecoverably linked and merge both cases together in the Honorable Court's decision to discharge Petitioner (FN8) pursuant to *Frazier v. State,* because State concealed evidence amounting to 100,000 and more discovery evidence documents and 62 DVD's, the criminal backgrounds of felony convicted state's witnesses, recording Petitioner's secured phone conversations with witnesses all, every order trial Court rendered was held in contempt. (FN9).

## CONCLUSION

WHERETOFORE, Petitioner respectfully moves the Honorable Court to merge cases 2000-CF-2130 and 2011-CF 105 together because the links of both cases are inseparable and as both cases apply to *Frazier v. State,* 292 so. 3d 848 (Fla. 5th DCA 2020) and *Von Waldner v. State,* 860 So. 2d 1061 (Fla. 5th DCA

2023) as unquestionable plain constitutional errors whereas this Honorable Court is the first federal court to see the State of Florida and trial court engage in plain errors of the above referenced *Frazier* and *Von Waldner* including the errors of *Bryant v. State,* 202 So. 3d 110, 111 (Fla. 5th DCA 2016) (citing *Kegler v. State*, 46 So. 3d 1061, 1062 (Fla. 5th DCA 2010)) held as plain constitutional errors that require correction by this Honorable Court.

As the Honorable Court can easily see trial court's February 28, 2013 order to provide self-representing Petitioner all the evidence of state discovery and public defender file before the August 12, 2013 trial date, but that order was held in contempt of *Frazier v. State*. As well as spoken by self-representing Petitioner during August 21, 2013 trial proceeding (Supp. App. page A170) Petitioner should had never been forced to be represented by adversarial public defender.

Whereas Petitioner pleads for relief.

FOOTNOTES

(FN1) See *Bryant v. State,* 202 So. 3d 110, 111 (Fla. 5th DCA 2016) (citing *Kegler v. State,* 46 So. 3d 1061, 1062 (Fla. 2d DCA 2010) (holding, "Nothing could demonstrate the adversarial nature of their relationship better than the circuit court's decision to place counsel under oath to respond to defendant's claims.")) when a Court appointed lawyer is placed under oath by trial judge during death-seeking death penalty open court proceedings and testifies against client

10

fundamental anticonstitutional values and rights of the client are irrevocably severed.

(FN2) Trial court on July 16, 2018 ordered the next available F.R.Cr.P. 3.112 qualified attorney be appointed as standby counsel. At no time in the long illustrious career of attorney Gomez-Mallada has she ever been F.R.Cr.P. 3.112 qualified. Yet, the vast incompetence's and unprofessionalism of the clerks of the Lake County Courthouse in Tavares, Florida and the attached trial judges as well hold no bar to do as the laws of the state and constitution direct. For 20 (twenty) months, Gomez-Mallada masqueraded as a 3.112 qualified lawyer expressing such in open court proceeding during March 5, 2020 and in writing to the trial court (Supp. App. page A175    ). The July 16, 2018 order (Supp. App. page A177, note 2:48 pm) is a desecration to the constitution by trial judge, substitute judges and state attorney and clerk of court as well as Chief Judge of the Fifth Judicial Circuit and the Chief Justice of the Supreme Court of Florida. Petitioner moves the Honorable Court to take strong swift action to correct the extreme deformities in blind justices in the Lake County, Florida Courthouse, the Office of the Chief Judge and, the Office of the Chief Justice. As the Honorable Court can see both cases of 2000-CF-2130 and 2011-CF-105 are listed on top of the chronological summary of proceedings (Supp. App. at pages A177    ) as is the August 22, 2017 chronological summary of proceedings (Supp. App. pages A178 – A179). To

11

this very date, almost 7 years after the clerk of court gave evidence to Gomez-Mallada in case numbers: 2000-CF-2130 and 2011-CF-105 during the December 12, 2018 proceeding Gomez-Mallada refuses to provide the evidence she received to Petitioner, despite Gomez-Mallada was not F.R.Cr.P. 3.112 qualified to represent Petitioner (Supp. App. page A         ). Petitioner moves the Honorable Court to order Gomez-Mallada to attend in person in this Honorable Court with Petitioner present to provide all evidence given to attorney Gomez-Mallada in both cases above referenced to Petitioner.

(FM3) (Supp. App. page A173)

(FN4) (Supp. App. pages A178 – A179) Note both cases 2000-Cf-2130 and 2011-CF-105 are listed in the top of page A178 on the right side as has been the instance from the beginning. Also note in the August 22, 2017 chronological summary of proceedings trial court allows public defender to "withdraw." As well, note 2:02 pm trial court disallowing fundamental error to be addressed and at 2:09 pm and 2:20 pm. And it should be mentioned that "David Porter," counsel for Lake County Sheriff, admits the secure phone ordered by trial court in 2013 before the August 12, 2013 start date of trial was treated with disdain and contempt because attorney Porter admitted Petitioner's secure phone calls were recorded and shared with State of Florida prosecutors to convict Petitioner in August, 2013 trial. Additionally, the remarkable question here is the countless violations of due

process by public defender concerning the February 28, 2013 order (Supp. App. at page A75) should had sparked a hearing with the dismissal of public defender on August 22, 2017 and the August 28, 2018 production of 14 boxes containing over 100,000 state discovery evidence documents (Supp. App. at pages A15, A25-A26) and the December 12, 2018 production of DVDs (A16-A19) why not order a hearing due to the apex of punishment of human to human?

(FN5) *Frazier v. State,* 45 Fla. Law Weekly D665 (Case No. 5D19-1671. Opinion filed March 20, 2020) (citing *Richardson* issues. *Brown v. State,* 165 So. 3d 726, 729 (Fla. 4th DCA 2015) (citing the three-prongs of *Richardson*) *State v. Roberson,* 152 So. 3d 776, 778 (Fla. 5th DCA 2014) citing *Richardson v. State,* 246 So. 2d 771, 775 (Fla. 1971). Because "there is a reasonable probability that *Frazier's* trial preparation or strategy would have been materially different had the state's discovery violations not occurred." 45 FLW at D665. And "Because the state's discovery violations resulted in cognizable prejudice to *Frazier*, and the missing discovery was not provided to *Frazier* until after the expiration of the speedy trial period, we reverse with instructions to discharge *Frazier*." Id. D665 citing *Von Waldner v. State,* 860 so. 2d 1061 (Fla. 5th DCA 2003) (instructing trial court to discharge defendant because State's discovery violations prejudiced defendant and were uncorrectable within speedy trial period).

13

See *Frazier v. State,* at next page, noting *Von Waldner,* 860 So. 2d 1063

citing *Alvarez v. State,* 729 So. 2d 472, 473 (Fla. 3d DCA 1999).


Recently received is a Sworn Affidavit by Sean Fisher, private investigator affirming the sworn declaration of Petitioner that Petitioner did not receive the over 100,000 documents of State evidence until August 28, 2018 over 5 years after the February 28, 2013 Order (Supp. App. page A75) and 5 years after the verdict or the 62 DVDs produced in December 12, 2018 and January 9, 2019 (Supp. App. at pages A197-A198).



Headnotes and indexes are copyrighted and may not be duplicated by photocopying, printing, or other means without the express permission of the publishers. 1-800-351-0917

***DISTRICT COURTS OF APPEAL***                           45 Fla. L. Weekly D665

Judge, concur.)

[1] We affirm without further discussion Bachman's argument that the trial court erred by permitting Appellees' counsel to briefly cross-examine one witness beyond the scope of direct examination, as we find no abuse of discretion nor any unfair prejudice.
[2] § 627.737(2), Fla. Stat. (2019).

\* \* \*

**Criminal law—Discovery—State's failure to comply—Where it was undisputed that state committed multiple discovery violations, trial court was required to consider whether violations were willful or inadvertent, substantial or trivial, and prejudicial or nonprejudicial—Trial court's failure to make necessary findings was not harmless where there is reasonable probability that defendant's trial preparation or strategy would have been materially different had discovery violations not occurred—Because state's discovery violations resulted in cognizable prejudice to defendant, and missing discovery was not provided to defendant until after expiration of speedy trial period, convictions reversed with instructions to discharge defendant**

CHARLES DONWICK FRAZIER, Appellant, v. STATE OF FLORIDA, Appellee. 5th District. Case No. 5D19-1671. Opinion filed March 20, 2020. Appeal from the Circuit Court for Marion County, Steven G. Rogers, Judge. Counsel: James S. Purdy, Public Defender, and Teresa D. Sutton, Assistant Public Defender, Daytona Beach, for Appellant. Ashley Moody, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

(COHEN, J.) Charles Frazier appeals the judgment and sentence entered after a jury found him guilty of battery on a detention or commitment staff member.[1] Frazier raises two arguments on appeal, only one of which merits discussion: that the trial court erred in failing to conduct an adequate *Richardson*[2] hearing. We agree and reverse.

Frazier was committed as a juvenile to a residential program at Marion Youth Academy ("MYA"), a private contractor for the Department of Juvenile Justice. The alleged battery forming the basis of this case occurred at MYA, although Frazier was charged as an adult.

During his preparation for trial, Frazier reviewed the video from a body camera worn by a law enforcement officer who responded to MYA after the alleged battery. Based on that video, it became evident that law enforcement was in possession of discoverable documents and information which the State failed to provide to Frazier. The missing discovery included at least four witnesses' statements and a statement from the victim. Additionally, other documents in the video revealed that MYA staff members, whose names were not disclosed to Frazier, were present immediately after the alleged battery and interacted with the victim at that time. Furthermore, MYA surveillance footage established that there were at least six witnesses to the event, whose names and addresses had not been disclosed.

In the months before trial, Frazier made repeated requests to the State to provide the missing discovery. By the time of the pretrial conference, Frazier had received only one witness's statement and accordingly, requested a *Richardson* hearing. At the hearing, Frazier outlined each alleged violation. However, the trial court did not make oral findings or enter a written order.

Twelve days later, immediately before jury selection, the parties addressed the remaining discovery issues. The State confirmed that since the *Richardson* hearing, it learned that law enforcement had the witnesses' statements and the victim's report in its possession; it provided those documents to Frazier, although the witnesses' statements did not include the witnesses' addresses.[3] Additionally, since the *Richardson* hearing, Frazier had been provided the names and addresses of the six witnesses in the surveillance footage, although two witnesses did not show up for depositions on such short notice, and Frazier had not had an opportunity to contact two other witnesses, whose information was provided forty-eight hours earlier.[4]

Frazier moved for a continuance, but the trial court denied his motion. The case proceeded to trial, and Frazier was found guilty as charged.

"A trial court's rulings regarding the three-prongs of *Richardson* are reviewed for an abuse of discretion, but this discretion can be exercised only following a proper inquiry." *Brown v. State*, 165 So. 3d 726, 729 (Fla. 4th DCA 2015) (citations omitted). When a defendant timely raises a potential discovery violation, *Richardson* requires the trial court to determine whether the State violated a discovery rule. *State v. Roberson*, 152 So. 3d 776, 778 (Fla. 5th DCA 2014) (citing *Richardson*, 246 So. 2d at 775). If the trial court determines that the State committed a discovery violation, "it must inquire into whether the . . . violation was (1) inadvertent or willful, (2) trivial or substantial, and (3) whether it procedurally prejudiced the opposing party's ability to prepare for trial." *Smith v. State*, 283 So. 3d 817, 820 (Fla. 4th DCA 2019) (citations omitted). During a *Richardson* hearing, the State has the burden to show that the defendant was not prejudiced in the preparation of his defense. *Lee v. State*, 538 So. 2d 63, 65 (Fla. 2d DCA 1989).

Two facts are undisputed: the State committed multiple discovery violations and the trial court did not make the necessary findings pursuant to *Richardson*. Because at least some discovery violations occurred, pursuant to *Richardson*, the trial court was required to consider whether the violations were willful or inadvertent, substantial or trivial, and prejudicial or nonprejudicial.[5]

The State suggests the *Richardson* violation was harmless because the discovery violations did not impact Frazier's preparation for trial.

Prior to the disclosure of the identities of the six witnesses, the only evidence related to the alleged battery was Frazier's testimony, the victim's testimony, and unclear surveillance footage. Two of the late-disclosed witnesses testified at trial; Frazier was able to utilize one witness at trial, and the State utilized the other. Ultimately, however, four witnesses were unable to be deposed prior to trial. Thus, as argued by Frazier below, there is a reasonable probability that Frazier's trial preparation or strategy would have been materially different had the State's discovery violations not occurred.

Because the State's discovery violations resulted in cognizable prejudice to Frazier, and the missing discovery was not provided to Frazier until after the expiration of the speedy trial period, we reverse with instructions to discharge Frazier. *See Von Waldner v. State*, 860 So. 2d 1061 (Fla. 5th DCA 2003) (instructing trial court to discharge defendant because state's discovery violations prejudiced defendant and were uncorrectable within speedy trial period).

REVERSED WITH INSTRUCTIONS. (WALLIS and EDWARDS, JJ., concur.)

[1] § 784.075, Fla. Stat. (2018).
[2] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).
[3] We recognize that the assistant state attorney, who became substitute counsel after the violations were committed, utilized her best efforts to comply with the State's discovery obligations.
[4] Interestingly, MYA had refused to provide either the names or addresses to the State. For discovery purposes, "[t]he State is charged with constructive knowledge and possession of evidence withheld by other state agents . . . ]" *Jones v. State*, 709 So. 2d 512, 520 (Fla. 1998) (citing *Gorham v. State*, 597 So. 2d 782, 784 (Fla. 1992)); *cf. Franklin v. State*, 975 So. 3d 1188, 1189-90 (Fla. 1st DCA 2008) (explaining that state was required to produce certain documents in possession of Department of Corrections).
[5] This is not a case where we can ascertain that, despite the failure to make such findings, a review of the record reflects that the trial judge "conducted a careful inquiry into the circumstances surrounding defense counsel's objection to the calling of the witnesses and carefully complied with the requirements of *Richardson* . . . ." *Ansley v. State*, 302 So. 2d 797, 798 (Fla. 1st DCA 1974).

\* \* \*

(FN6) <u>Miles v. City of Edgewater Police Dept., et al.</u>, FLW 41, D985-89. At 86-87 the Court held: "First Amendment rights [as all constitutional rights] are fundamental." A "petition for a <u>redress</u> for grievances are among the most precious of the liberties safeguarded by the Bill of Rights. These rights moreover, are intimately connected both in origin and in purpose." And all rights "although not identical, are inseparable."

<u>Rock v. Arkansas</u>, 483 U.S. 44, 52 (1987) ("Even more fundamental to a personal defense than the right of self-representation…is an accused's rights to present his own version of events in his own words.")

<u>Andrews v. State</u>, 243 So. 3d 899 (Fla. 2018) (Unanimously holding: Indigent defendants are entitled to file motions as to appointment and costs of experts, mitigation specialists, and investigations ex parte and under seal with service to the Justice Administrative Commission and notice to the State Attorney's office, and to have any hearing on such motion ex parte, with only defendant and the Commission present.)

<u>State v. Collins</u>, 985 So. 2d 985, 989 (Fla. 2008) (resentencing standards)

(FN7) This instant case, as in *Burton,* "was a plain case of producing a judicial act by fraudulent representations to the judge. Any order so produced…may be recalled and set aside at any time." <u>State v. Burton</u>, 314 So. 2d

136, 137 (Fla. 1975) Additionally, the court held, "We see no reason why the cases are not applicable to all judicial acts." *Id.*

Furthermore holding, "'As between the parties any judgment or order procured from any court by the practice of fraud or deception may, in appropriate proceedings, be set aside at any time.'" Ramagli Realty Co. v. Craver, Fla., 121 So. 2d 648, 19 Fla. Juris. Voidable Adjudications sec. 382 and cases there cited. Anderson v. State, 267 So. 2d 8 (Fla. 1972). Alabama Hotel Co. v. Matt, 86 Fla. 608, 98 So. 825 (1924). See Burton, 314 So. 2d 138, as in continuing firmly the court holds "restriction does not apply to such orders, judgments or decrees which are the product of fraud, collusion, deceit, mistake, etc. such may be vacated, modified, opened or otherwise acted upon at any time. This is an inherent power of courts of record, and one essential to insure the true administration of justice..." *Id.* at 138.

(FN8) Goene v. State, 577 So. 2d 1306, 1309 (Fla. 1991) ("As this court has previously recognized, orders, judgments or decrees which are the product of fraud, deceit, or collusion" may be vacated, modified, opened or otherwise acted upon at any time. This is an inherent power of courts or record, and one essential to insure the true administration of justice and the orderly function of the judicial process.") (quoting State v. Burton, 314 So. 2d 136, 137 (Fla. 1975)).

17

Furthermore, the Florida Supreme Court continued in <u>Goene</u> to proclaim that to not take action regarding fraud upon the courts "would encourage and reward" a party to commit fraud and deceit and misrepresentation among other unlawfulness upon the courts.

In <u>Goene</u>, the perjury is irrefutable as Goene's intent was deliberate as a "method to deceive trial court for benefit by purposely misrepresenting his declaration of honesty by intentionally concealing the truth.

(FN9) <u>Weekee Wachee Springs, LLC v. Southwest Fla. Water Mgnt.</u>, 900 So. 2d 594 (Fla. 5th DCA 2004) ($500.00 attorney sanction due to double-spacing lines violations).

<u>Dusky v. U.S.</u>, 362 U.S. 402,          (1960) (It is not enough for a judge to find that a defendant is oriented to time and place and has some recollection od events, but that the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational understanding of the proceedings against him. Reversed and remanded).

<u>Provenzano v. Dugger</u>, 561 So. 2d 541, 549 (Fla. 1990) ("[defendant] will be placed in the same position as he would have been if such files had been disclosed when requested.")

18

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, this instrument was sent by U.S. Mail on September 25, 2025 to the following parties:

1. United States District Court
   207 Second Street, Room 337
   Ocala, Florida 34475

2. Attorney General of Florida
   444 Seabreeze Boulevard, Fifth Floor
   Daytona Beach, Florida 32778

## **UNNOTARIZED OATH**

Under the penalty of perjury I DECLARE the foregoing statements are true and correct.

Dated: September 25, 2025.

Signed: _Donald Otis Williams_
    Donald Otis Williams U13479
    Union Correctional Institution
    P. O. Box 1000
    Raiford, Florida 32083-1000

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**DONALD OTIS WILLIAMS,**
    **Petitioner,**

**v.**                                          **CASE NO: 5:16-CV-357-WFJ-PRL**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS, ET. AL.,**
    **Respondent(s)**
_____/


## SUPPLEMENAL APPENDIX II

**Document:**                                                      **Page No.s:**

- May 18, 2007 Petitioner's Letter to Public Defender-----------------------A172

- May 25, 2007 Public Defender's Response to May 18, 2007
  Letter by Petitioner--------------------------------------------------------------A173

- December 12, 2012 Court Document Stating Evidence Given to
  Attorney Gomez-Mallada by Court Clerk in Petitioner's Case----------A174

- April 27, 2020 Motion by Gomez-Mallada Expressing She is not
  F.R.Cr.P. 3.112 Qualified-------------------------------------------------A175-76

- July 16, 2018 Open Court Order by Trial Court at 2:48 pm which
  Non-Qualified  F.R.Cr.P. 3.112 Gomez-Mallada Appointed--------------A177

- August 22, 2017 Chronological Summary of Proceedings-----------A178-179

- Gomez-Mallada Continuing Legal Education Report--------------------A180-81

AA1

**Document:**                                                        **Page No.s:**

- Florida Rule of Criminal Procedure 3.112--------------------------------A183-87

- CAPD Stone C.L.E. Report Showing NON-3.112 Compliance------A188-89

- CAPD William Hilton Stone NON COMPLIANT TO
  F.R.Cr.P. 3.112(i) "Notice of Appearance"-----------------------------A190

- Candance A. Hawthorne NON COMPLIANT TO
  F.R.Cr.P. 3.112(i) "Notice of Appearance"--------------------A192  -A193

- July 19, 2018 Order to Withdraw and Order Appointing
  <u>NON</u> F.R.Cr.P. 3.112 Qualified Attorney Gomez-Mallada
  (Note Cases 2000-CF-2130 and 2011-CF-105 Top of Page----------A194

- July 7, 2013 Letter by APD Confirming Subpoenas
  Received on Him and Co-chair---------------------------------------A195

- April 25, 2011 "Amended Order" to Lake County Sheriff------------A196

- Sworn Affidavit by Sean T. Fisher, Private Invest....--A197-98

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY**, this Instrument was sent by U.S. Mail on September __25__, 2025 to the following parties:

1.     United States District Court
       207 Second Street, Room 337
       Ocala, Florida  34475

2.     Attorney General of Florida
       444 Seabreeze Boulevard, Fifth Floor
       Daytona Beach, Florida 32778

AA2

## **UNNOTARIZED OATH**

Under the penalty of perjury I DECLARE the foregoing statements are true and correct.

Dated: September ___2.5___, 2025

Signed: _Donald Otis Williams_
        Donald Otis Williams    U13479
        Union Correctional Institution
        P.O. Box 1000
        Raiford, Florida 32083-1000

AA3

Donald O. Williams
#U13479   D-1129s
9544  CR  476-B
Sumter  Corr. Inst.
Bushnell, Fl. 33513

May 18, 2007

Office of the Public Defender
Chief Assistant Public Defender
P.O. Box 7800
Tavares, Fl. 32778-7800

Re: Florida Bar Complaint Case No. 2007-31,343 (OSB),
and Request for Document.

Dear Sir or Madam;

I was represented by your office in respect to: State v.
Williams, case no. 00-2130-CF-A-04. On or around
November 2, 2001 an evaluation report was faxed to
Assistant public defender Jeffery Dylan Higgins from Dr.
Jaquelyn Olander concerning my criminal case. I ask that
you provide a copy of the fax cover sheet and the six (6) page
report aforementioned to: The Florida Bar, 1200 Edgewater
Drive, Orlando, Fl. 32804-6314. Please direct you letter
in this matter to bar counsel JoAnn Marie Stalcup.

Thank you, Donald O. Williams
CC: JoAnn Marie Stalcup, Bar Counsel, The Florida Bar, Orlando Branch.

A172



OFFICE OF
HOWARD H. BABB, JR.
PUBLIC DEFENDER
FIFTH JUDICIAL CIRCUIT
CITRUS/HERNANDO/LAKE
MARION AND SUMTER COUNTIES

REPLY TO:    Lake County Judicial Center
P.O. BOX 7800
550. W. Main Street, Suite 401
Tavares, FL 32778-7800
(352) 742-4270

May 25, 2007

Jeffery Higgins, Esquire
Director of Student Athlete Academic Services
University College
4505 Maryland Parkway
Box 452001
Las Vegas, Nevada 89154

Re:    Florida Bar Complaint Case No.: 2007-31,343 (OSB) and Request For Document;
       Defendant Donald O. Williams; Lake County Circuit Case No.: 00-CF-2130-CF-A-04

Dear Jeff:

        Again I have been drawn into this little coward's orbit of interest. I imagine that you are
hanging on to this file until the "inquiry" is completely resolved. That's fine, but in the
meantime could you please provide me with a copy of the referenced fax cover sheet and Dr.
Olander's report so I can send a copy to Ms. Stalcup.

        It's so comforting to know that this lowlife is now domiciled less than 30 miles from my
doorstep at Sumter Correctional Institution. That should make it a lot more convenient for him
when he's discharged in 2010.

        My regards to Kelly and your growing family. Let me hear from you.

                                        Sincerely,

                                        Bill

                                        William H. Stone
                                        Chief Assistant Public Defender

WHS:mj        P.S.: Irony of ironies! Ms. Stalcup called
Encl.         me today & wants to review the file
              here at our office. Please return it to
              me ASAP so I can let her know &
              hopefully put this mess to bed!
              Thanks,    Bill

                                                    A173

| | | |
|---|---|---|
| 12/10/2018 | | DEFENDANT'S REPLY TO JAC RESPONSE DATED NOVEMBER 14, 2018<br>DEFENDANT'S REPLY TO JAC RESPONSE DATED NOVEMBER 14, 2018 |
| 12/12/2018 | | RESPONSE<br>TO FIFTH DCA APPEAL COURT ORDER / 5D18-3580 |
| 12/12/2018 | | DEFENDANT PRESENT |
| 12/12/2018 | | DISCOVERY REPRODUCTION BY THE STATE AND PRO SE MOTIONS |
| 12/12/2018 | | MOTIONS FOR FILINGS NOT PROVIDED TO DEFT - ALL DOCUMENTS THE STATE HAS IN THEIR POSSESSION FOR DISCOVERY, MEDIA, WITNESS LIST PROVIDED TO THE DEFT AND STAND-BY COUNSEL IN OPEN COURT.  STATE FILED LIST OF ALL THE DOCUMENTS PROVIDED - DEFT REFUSED TO SIGN THE LIST |
| 12/12/2018 | | (1) MOTION FOR COURT ACTION -.DENIED |
| 12/12/2018 | | MOTIONS 3,4,5,6,7,8 CONT TO 01/09/19 @ 1:30 PM STATE TO PREPARE NOH |
| 12/12/2018 | | SEE CHRONOLOGICAL OF PROCEEDINGS |
| 12/12/2018 | | MINUTES OF COURT PROCEEDING |
| 12/12/2018 | | CLERK'S WORKSHEET |
| 12/12/2018 | | CHRONOLOGICAL SUMMARY OF PROCEEDINGS |
| 12/12/2018 | | CERTIFICATION OF RECORDS FROM<br>THE STATE ATTORNEY - LIST OF DOCUMENTS PROVIDED TO THE DEFT IN OPEN COURT |
| 12/12/2018 | | COPY OF<br>BOXES |
| 12/14/2018 | | JUDGE'S REVIEW FORM - PER JUDGE: PLEASE FILE<br>PER JUDGE: PLEASE FILE |
| 12/14/2018 | | JUDGE'S REVIEW FORM - PER JUDGE: NEED A HEARING<br>PER JUDGE: NEED A HEARING |
| 12/19/2018 | | CORRESPONDENCE FROM: SUPREME COURT OF FLORIDA<br>SUPREME COURT OF FLORIDA |
| 12/19/2018 | | NOTICE OF HEARING |
| 12/19/2018 | | NOTICE OF FILING |
| 12/20/2018 | | ORDER |

A1n4

**Page 130 of 140**

CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT IN AND FOR
LAKE COUNTY, FLORIDA

STATE OF FLORIDA                              CASE NO: 2000-CF-2130-A
                                                       2011-CF-0105-A
vs.

DONALD O. WILLIAMS                            FLA BAR NO: 0798060

_____/

## MOTION TO WITHDRAW AND TO APPOINT DEATH CERTIFIED COUNSEL

COMES NOW Standby Counsel and files this Motion to Withdraw and to Appoint Death Certified Counsel and in support thereof asserts as follows:

1. Undersigned Counsel was appointed as Standby Counsel in both of the Defendant's cases on July 19, 2018.

2. Case No: 2000-CF-2130-A was a Violation of Probation case for the underlying offense of carjacking; Case No: 2011-CF-0105-A involved robbery, kidnapping and murder in the first degree.

3. At the time Undersigned Counsel was appointed, the Defendant was not facing the death penalty in either case.

4. On March 5, 2020 on the State's Motion, the Court reinstated the death penalty in Case No: 2011-CF-0105.

5. Undersigned is not death certified and the Defendant has indicated a desire to appeal the Court's reinstatement of the death penalty.

WHEREFORE, the Undersigned would pray this Honourable Court to enter its Order allowing the undersigned to withdraw and appointing a death certified attorney to represent the Defendant going forward.

Respectfully submitted,

ANA GOMEZ-MALLADA, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Office of the State Attorney, at 550 W. Main Street, Tavares, FL 32778, on March 7, 2020.

ANA GOMEZ-MALLADA, ESQ.
320 West Oakland Park Blvd.
Ft. Lauderdale, Florida 33311
(954) 254-1625 / (772) 237-2884 (fax)

EXHIBIT "A"

A175

## CHRONOLOGICAL SUMMARY OF PROCEEDINGS

JUDGE ___MARK A NACKE___    CASE NUMBER ___11 CF 105 (04)___ /00 CF 2130

CLERK CKILFOYLE ___    JURY ___ NON-JURY ___ HEARING ___X___

BAILIFF(S) M BAKER / R GRECO / ___    COURTROOM # ___4B___

___D CONNELLY___    DATE ___7/16/2018___

COURT REPORTER ___COURT REPORTER / ECR___

___STATE OF FLORIDA___    ___HUGH BASS___
                                      STATE ATTORNEY
VS

___DONALD OTIS WILIAMS___    ___NO ATTORNEY / C HAWTHORNE (STAND BY)___
        DEFENDANT                    DEFENSE ATTORNEY

| Date/Time | Summary |
|---|---|
| 2:33 PM | COURT IN SESSION – ALL OFFICERS & DEFT PRES |
|  | COURT INQUIRED OF DEFT AS TO COUNSEL – DEFT WANTS TO REPRESENT HIMSELF |
|  | STATE ADDRESSED COURT RE: MS HAWTHORNE MTN TO W/DRAW |
| 2:35 PM | DEFT ADDRESSED COURT RE: MS HAWTHORNE MTN TO W/DRAW |
| 2:39 PM | MS HAWTHORNE ADDRESSED COURT RE: MTN |
| 2:44 PM | STATE'S RESPONSE |
| 2:46 PM | DEFT'S RESPONSE |
| 2:48 PM | COURT GRANTS MS HAWTHORNE TO W/DRAW AS APPT'D STAND BY COUNSEL & COURT APPT'S NEXT DEATH QUALIFIED COUNSEL AS STAND BY COUNSEL FOR DEFT – DEF TO PROVIDE ORDER |
| 2:51 PM | DEFT ADDRESSES COURT RE: NOTICE OF HEARING |
| 2:54 PM | STATE'S RESPONSE |
| 3:01 PM | DEFT ADDRESSES COURT RE: SCHEDULING |
| 3:02 PM | STATE ADDRESSED COURT RE: SCHEDULING |
| 3:05 PM | DEFT ADDRESSED COURT RE: SCHEDULING |
| 3:07 PM | CASE TO BE SET FOR 5/20/19 RESENTENCING   (11 CF105) |
|  | STATE UPDATES COURT ON DISCOVERY BEING PREPARET TO BE PROVIDED TO DEFT |
| 3:10 PM | DEFT'S RESPONSE |
| 3:17 PM | STATE'S REPSONSE |
|  | DEFT'S RESPONSE |
| 3:18 PM | STATE'S RESPONSE |
| 3:19 PM | COURT INQUIRED |
|  | STATE'S RESPONSE |
| 3:21 PM | DEFT'S RESPONSE |
|  | COURT / COUNSEL / DEFT DISCUSS HOW TO PROVIDE DISCOVERY |
| 3:40 PM | COURT / COUNSEL / DEFT DISCUSS WHEN TO PROVIDE DISCOVERY |
| 3:44 PM | DATE TO EXCHANGE EVIDENCE TO BE NOTICED BY STATE ONCE DATE IS SET |
| 3:46 PM | DEFT MTN FOR ADDT'L INVESTIGATIVE COSTS |
|  | COURT / DEFT DISCUSS MTN |
| 3:50 PM | COURT INFORMS STATE TO CONTACT JUDGE SEMENTO ABOUT SETTING NEXT STATUS CONF |
| 3:52 PM | COURT ADJOURNED |

A177

# CHRONOLOGICAL SUMMARY OF PROCEEDINGS

JUDGE ___MARK A NACKE___    CASE NUMBER ___11CF105 / 00CF2130 (04)___

CLERK ___CKILFOYLE___    JURY ___ NON-JURY ___ HEARING ___X___

BAILIFF(S) ___M BAKER / J RAMOS___    COURTROOM # _____4B_____

_____    DATE ___8/22/2017___

COURT REPORTER _____CHERYL MCDONOUGH_____

_____STATE OF FLORIDA_____    _____HUGH BASS / DAVID PORTER_____
                                         STATE ATTORNEY

                    VS

_____DONALD OTIS WILLIAMS_____    _____REPRESENT SELF_____
         DEFENDANT                          DEFENSE ATTORNEY

| Date/Time | Summary |
|---|---|
| 1:48 PM | COURT IN SESSION – ALL OFFICERS & DEFT PRES |
| | COURT ADDRESSES PD'S MTN TO W/DRAW AS COUNSEL (CONFLICT) |
| | WILLIAM GROSSENBACHER PRES OBO PD |
| 1:54 PM | COURT INFORMS DEFT HE IS ENTITLED TO COUNSEL |
| | DEFT ADDRESSES COURT RE: PD'S MTN TO W/DRAW AS COUNSEL (CONFLICT) (11-CF-105 ONLY) |
| 2:00 PM | COURT ALLOWS PD TO W/DRAW |
| | COURT INQUIRES OF DEFT AS TO CONFLICT COUNSEL REPRESENTING HIM |
| 2:02 PM | COURTS RULING TODAY IS BASED ON WHAT HAS HAPPENED TODAY NOTHING PREVIOUSLY SUBMITTED |
| | DEFT ADDRESSED COURT |
| 2:04 PM | DEFT DECLINES COUNSEL (CONFLICT COUNSEL) |
| 2:07 PM | COURT RE-INQUIRES AS TO REPRESENTATION (11-CF-105 ONLY) |
| 2:08 PM | MATTER REGARDING STAND-BY COUNSEL CONT'D TO NEXT MTN HEARING |
| 2:09 PM | STATE ADDRESSES COURT RE: MTNS TO BE HEARD |
| | DEFENSE PRESENTS MTN FOR DUE PROCESS ITEMS (00-CF-2130 ONLY) |
| 2:18 PM | COURT INQUIRES OF DEFT AS TO COUNSEL (00-CF-2130) |
| 2:20 PM | DEFT WISHES TO CONTINUE TO REPRESENT HIMSELF |
| | DEFENSE PRESENTS MTN FOR DUE PROCESS ITEMS AND MATERIALS |
| 2:21 PM | DAVID PORTER, LCSO COUNSEL, ADDRESSES COURT |
| 2:22 PM | DEFT RESPONDS |
| 2:27 PM | MR PORTER RESPONDS |
| | DEFT RESPONDS |
| 2:30 PM | STATE RESPONDS |
| 2:31 PM | DEFT RESPONDS |
| 2:33 PM | COURT DENIED MTN W/O PREJUDICE |
| | DEFT & COURT DISCUSS DENIAL |
| 2:35 PM | STATE ADDRESSES DEFENSE MTN FOR SECURE PHONE USE |
| 2:37 PM | MR PORTER ADDRESSES COURT RE: MTN |
| 2:40 PM | DEFT RESPONDS |
| 2:42 PM | STATE REPSONDS |

CSP                    EXHIBIT "B"                    Page 1 of ___2___
                         A178

# CHRONOLOGICAL SUMMARY OF PROCEEDINGS

CASE NO. ___00 CF 2130 / 11 CF 105___ STATE OF FL vs ___DONALD OTIS WILLIAMS___

| Date/Time | Summary Continued |
|---|---|
| 2:44 PM | DEFT RESPONDS |
| 2:46 PM | MR PORTER RESPONDS |
| 2:47 PM | COURT DENIED MTN |
| | COURT AND DEFT DISCUSS DENIAL |
| 2:51 PM | COURT RE-ITERATES DENIAL AND WILL SUBMIT WRITTEN ORDER |
| | STATE READS DEF MTN TO COMPEL |
| 2:54 PM | DEFT ADDRESSES COURT RE: MR PORTER ATTENDANCE |
| 2:55 PM | STATE OBJECTS TO MR PORTER BEING MADE TO LEAVE |
| 2:56 PM | COURT ALLOWS MR PORTER TO STAY |
| 2:58 PM | MR PORTER LEAVES |
| | DEFT PRESENTS MTN OBJECTION TO COURT ORDER DATED 4.24.17 AND MTN TO AMEND COURT ORDER DATED 04.24.17 (11 CF 105 ONLY) |
| 3:00 PM | COUNSEL DISCUSS MTN |
| 3:11 PM | COURT DENIED MTN |
| | COURT & DEFT DISCUSS DENIAL |
| 3:12 PM | DEFT MTN FOR INVESTIGATIVE COSTS (00-CF- 2130 ONLY) |
| | COURT INQUIRED OF DEFT AS TO BEING INDIGENT FOR COSTS |
| | DEFT INDICATES HE HAS NOT BEEN FOUND INDIGENT FOR COSTS IN 00-CF-2130 |
| 3:15 PM | DEFT PRESENTS MTN FOR TRIAL COURTS JUNE 13, 2017 OPEN COURT DENIAL OF DEFT'S PLEADING FOR STATE'S EVIDENCE AND CASE FILE DOCUMENTS (00-CF-2130) |
| 3:19 PM | COUNSEL AND DEFT DISCUSS MTNS TO BE HEARD |
| 3:30 PM | COURT ADDRESSES DEFT RE: MTN |
| 3:33 PM | COURT WILL DO ORDER ON THE 06.13.17 MTN |
| 3:47 PM | DEFT PRESENTS MTN TO COMPEL – TO BE RESCHEDULED |
| 3:49 PM | STATE READS - MTN FOR MORE DEFINITIVE PLEADING RE: PD'S MTN TO WITHDRAW – W/DRAWN BY DEFT (11-105) |
| 3:50 PM | STATE READS - WAVIER OF PD AS STAND BY COUNSEL & MTN FOR PLEADING HEARING – W/DRAWN (11-105) |
| 3:51 PM | COURT ADDRESSES DEFT RE: MITIGATION SPECIALIST (11-105) |
| | COURT GRANTS MTN |
| 3:58 PM | DEFT MTN TO BE FOUND INDIGENT FOR COSTS (00-2130) |
| 4:01 PM | COURT GRANTS MTN |
| | DEFT MTN FOR INVESTIGATIVE COSTS – COURT GRANTS (00-2130) |
| 4:03 PM | COURT ADJOURNED |

A179

**CLER Credit History for Ana Gomez-Mallada 798060**

| Reference | Title | Current Cycle | Date | Gen | PR | Tech |
|-----------|-------|---------------|------|-----|-----|------|
| 2109438N | Protect Your Clients: Cybersecurity and Technology Updates | | 12/23/2022 | 2.5 | 0.0 | 2.5 |
| 2109460N | The Mindful Approach to Addressing Mental Health Issues in the Legal Profession | | 12/23/2022 | 1.0 | 1.0 | 0.0 |
| 2109462N | The Synergy of Integrity, Ethics, and Professionalism | | 12/20/2022 | 1.5 | 1.5 | 0.0 |
| 2109434N | Labor Laws: Tips for Small Businesses | | 12/19/2022 | 2.0 | 0.0 | 0.0 |
| 2109432N | Introduction to Wage and Hour Law | | 12/17/2022 | 2.5 | 0.0 | 0.0 |
| 2109430N | Interpretation and Translation for Clients | | 12/16/2022 | 2.0 | 0.0 | 0.0 |
| 2109435N | Learn Mindfulness to Curtail Implicit Bias and Make Ethical Decisions | | 12/13/2022 | 1.0 | 1.0 | 0.0 |
| 2109414N | Communicating with Clients | | 12/11/2022 | 1.0 | 0.0 | 0.0 |
| 2109428N | Fundamental Deposition Skills | | 12/11/2022 | 1.0 | 0.0 | 0.0 |
| 2109427N | Expert Trial Skills | | 12/11/2022 | 2.0 | 0.0 | 0.0 |
| 2109409N | Animal Law Practice | | 12/10/2022 | 2.5 | 0.0 | 0.0 |
| 2109423N | Ethical Competency and Mindfulness | | 12/10/2022 | 1.0 | 1.0 | 0.0 |
| 2109413N | Business Immigration Law Principles | | 12/10/2022 | 1.0 | 0.0 | 0.0 |
| 2109411N | Arbitration Over Litigation | | 12/10/2022 | 2.5 | 0.0 | 0.0 |
| 2109240N | A Primer on I-9 Compliance and Discrimination | | 11/25/2022 | 2.0 | 0.0 | 0.0 |
| 6346 | USPTO's New Reexamination and Expungement Procedures | | 10/27/2022 | 1.0 | 0.0 | 0.0 |
| 2208292N | 2022 RNLA Florida Election Law Training | | 10/08/2022 | 2.0 | 0.5 | 0.0 |
| 4680 | First Amendment and the U.S. Supreme Court | | 06/25/2021 | 2.0 | 0.0 | 0.0 |
| 2007142N | Florida Election Law Training | | 09/29/2020 | 2.0 | 0.5 | 0.0 |
| 1909201N | Connecting in a Connected World | | 06/02/2020 | 1.0 | 0.0 | 1.0 |
| 3596 | The Ethics of Communicating with Clients Via Text Messages | | 01/17/2020 | 1.0 | 1.0 | 1.0 |
| 3648 | Tech Essentials for the Modern Lawyer | | 01/17/2020 | 1.0 | 0.0 | 1.0 |
| 1904412N | 2019 Human Trafficking & Domestic Violence Summit | | 06/19/2019 | 3.0 | 0.0 | 0.0 |
| 1807159N | Eleventh Unified Family Court Summit | | 11/02/2018 | 6.5 | 3.5 | 0.0 |
| 1804923N | RNLA Florida Chapter CLE Presentation at the RPOF | | 06/28/2018 | 5.0 | 0.5 | 0.0 |
| 1804261N | Human Trafficking Summit | | 06/01/2018 | 3.5 | 0.0 | 0.0 |
| 2301 | Masters of DUI 2017 | | 03/29/2018 | 9.0 | 2.5 | 0.0 |
| 2273 | Advanced Federal Practice 2017 | | 03/27/2018 | 5.0 | 0.5 | 0.0 |
| 1705270N | Ethical Considerations of Representing Children | | 07/14/2017 | 1.5 | 1.5 | 0.0 |
| 1704744N | The Judge Appointed a Mitigation Specialist for My | | 07/14/2017 | 1.5 | 0.0 | 0.0 |
| 1704646N | Conditions of Confinement | | 06/29/2017 | 1.5 | 0.0 | 0.0 |
| 1608710N | Connecting in the Digital Age | | 06/07/2017 | 1.0 | 0.0 | 1.0 |
| 2016 | Advanced Appellate Practice & Certification Review | | 05/30/2017 | 7.5 | 0.0 | 0.0 |
| 2014 | Criminal Law Update 2015 | | 05/28/2017 | 6.0 | 1.0 | 0.0 |
| 1607055N | Ethics of Discovery | | 05/25/2017 | 2.0 | 2.0 | 0.0 |
| 1702654N | Using FL Public Records & the Freedom of Inforamti | | 04/21/2017 | 1.5 | 0.0 | 0.0 |
| 2338 | 2016 Survey of Florida Law | | 02/05/2017 | 12.0 | 4.0 | 2.0 |
| 1989 | Annual Ethics Update 2015 | | 06/17/2016 | 5.0 | 5.0 | 0.0 |
| 1505329N | Masters of Trial #4: Closing Argument | | 07/17/2015 | 2.0 | 0.0 | 0.0 |
| 1504009N | Masters of Trial #3: Witnesses | | 06/26/2015 | 2.0 | 0.0 | 0.0 |
| 1503505N | Masters of Trial #2: Opening Statements | | 05/22/2015 | 2.0 | 0.0 | 0.0 |



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL 32399-2300**

Joshua E. Doyle
**Executive Director**

850/561-5600
www.floridabar.org

01/11/2024

## Continuing Legal Education and Basic Skills Course Requirements Report

798060
Ms. Ana Gomez-Mallada
320 W Oakland Park Blvd
Ft Lauderdale, FL 33311-1710

| Continuing Legal Education Requirement (CLER) | | | |
|---|---|---|---|
| CLE Reporting Cycle   02/01/2023 - 01/31/2026 | | CLE Exemption | None |
| Area | Required | Earned | Needed |
| General | 33 | 0 | 33 |
| Professional Responsibility (Professionalism, Ethics, Substance Abuse, Mental Illness, or Bias Elimination) | 5 | 0 | 5 |
| Technology | 3 | 0 | 3 |
| Professionalism | 1 | 0 | 1 |

| Basic Skills Course Requirement (BSCR) | | | |
|---|---|---|---|
| | Status | Reporting Date | Programs Completed |
| **Practicing with Professionalism** **(One program required)** | Compliant | 12/30/1998 | Compliant |
| | | Reporting Date | Hours Completed |
| **Young Lawyers Division Programs** **(21 hours required)** | Compliant | 12/30/1999 | 0 |

| | | | | | |
|---|---|---|---|---|---|
| 150 | Masters-3D Trial #1: Jury Selection | 04/30/2015 | 3.0 | 0.0 | 0.0 |
| 1641 | Basic Discovery 2013 | 03/23/2015 | 7.0 | 0.0 | 0.0 |
| 1625 | How Not to Get Beat Up in Domestic Violence Court! | 10/01/2014 | 8.0 | 1.0 | 0.0 |
| 1402869N | Percentage in Dependency Court | 09/28/2014 | 1.0 | 0.0 | 0.0 |
| 1444 | Sunshine Law Public Records & Ethics | 01/31/2014 | 9.0 | 6.0 | 0.0 |
| 1303876N | Case Management/ECF (In House) | 01/23/2014 | 3.0 | 0.0 | 0.0 |
| 1332 | NEW FRONTIERS POST CONVIC | 01/04/2014 | 4.5 | 3.0 | 0.0 |
| 1316 | MASTERS OF DUI | 05/13/2013 | 8.0 | 1.5 | 0.0 |
| 1337 | CRIMINAL LAW UPDATE 2012 | 05/03/2013 | 7.5 | 1.0 | 0.0 |
| 1083 | 10 SURVEY OF FLORIDA LAW | 03/17/2011 | 12.5 | 4.0 | 0.0 |
| 0707 | FLORIDA LAW UPDATE 2009 | 09/14/2010 | 7.5 | 1.0 | 0.0 |
| 0973 | ADVANCED FEDERAL PRACTICE | 09/13/2010 | 5.0 | 1.0 | 0.0 |
| 6456-0 | 4TH ANN UNIFIED FAMILY CT | 06/18/2010 | 7.0 | 0.0 | 0.0 |
| 1702-8 | 2ND ANN UFC SUMMIT/FOCUSI | 02/08/2008 | 4.0 | 0.0 | 0.0 |

A181

# Fla. R. Crim. P. 3.112

### Rule 3.112 - MINIMUM STANDARDS FOR ATTORNEYS IN CAPITAL CASES

**(a) Statement of Purpose.** The purpose of these rules is to set minimum standards for attorneys in capital cases to help ensure that competent representation will be provided to capital defendants in all cases. Minimum standards that have been promulgated concerning representation for defendants in criminal cases generally and the level of adherence to such standards required for noncapital cases should not be adopted as sufficient for death penalty cases. Counsel in death penalty cases should be required to perform at the level of an attorney reasonably skilled in the specialized practice of capital representation, zealously committed to the capital case, who has had adequate time and resources for preparation. These minimum standards for capital cases are not intended to preclude any circuit from adopting or maintaining standards having greater requirements.

**(b) Definitions.** A capital trial is defined as any first-degree murder case in which the State has not formally waived the death penalty on the record. A capital appeal is any appeal in which the death penalty has been imposed. A capital postconviction proceeding is any postconviction proceeding where the defendant is still under a sentence of death.

**(c) Applicability.** This rule applies to all defense counsel handling capital trials and capital appeals, who are appointed or retained on or after July 1, 2002. Subdivision (k) of this rule applies to all lead counsel handling capital postconviction cases, who are appointed or retained on or after April 1, 2015.

**(d) Lists of Qualified and Disqualified Conflict Counsel**

(1) Every circuit shall maintain a list of conflict counsel qualified for appointment in capital cases in each of three categories:

(A) lead trial counsel;

(B) trial co-counsel; and

(C) appellate counsel.

(2) The chief judge for each circuit shall maintain a list of qualified counsel pursuant to section 27.40(3)(a), Florida Statutes.

(3) The chief judge for each circuit shall maintain a list of counsel who are disqualified to provide capital case representation pursuant to section 27.7045, Florida Statutes, and such list and any amendments thereto shall be forwarded to the chief judge of every other circuit.

**(e) Appointment of Counsel.** A court must appoint lead counsel and, upon written application and a showing of need by lead counsel, should appoint co-counsel to handle every capital trial in which the defendant is not represented by retained counsel. Lead counsel shall have the right to select co-counsel from attorneys on the lead counsel or co-counsel list. Both attorneys shall be reasonably compensated for the trial and sentencing phase. Except under extraordinary circumstances, only one attorney may be compensated for other proceedings. In capital cases in which the Public Defender or Criminal Conflict

A C 83

1

Case 5:16-cv-00357-WFJ-PRL    Document 30    Filed 09/29/25    Page 34 of 48 PageID 496

Rule 3.112 ...    Fla. R. Crim. P. 3.112

and Civil Regional Counsel is appointed, the Public Defender or Criminal Conflict and Civil Regional Counsel shall designate lead and co-counsel.

**(f) Lead Trial Counsel.** Lead trial counsel assignments should be given to attorneys who:

(1) are members of the bar admitted to practice in the jurisdiction or admitted to practice *pro hac vice*; and

(2) are experienced and active trial practitioners with at least five years of litigation experience in the field of criminal law; and

(3) have prior experience as lead counsel in no fewer than nine state or federal jury trials of serious and complex cases which were tried to completion, as well as prior experience as lead defense counsel or co-counsel in at least two state or federal cases tried to completion in which the death penalty was sought. In addition, of the nine jury trials which were tried to completion, the attorney should have been lead counsel in at least three cases in which the charge was murder; or alternatively, of the nine jury trials, at least one was a murder trial and an additional five were felony jury trials; and

(4) are familiar with the practice and procedure of the criminal courts of the jurisdiction; and

(5) are familiar with and experienced in the utilization of expert witnesses and evidence, including but not limited to psychiatric and forensic evidence; and

(6) have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases, including but not limited to the investigation and presentation of evidence in mitigation of the death penalty; and

(7) have attended within the last two years a continuing legal education program of at least twelve hours' duration devoted specifically to the defense of capital cases.

**(g) Co-counsel.** Trial co-counsel assignments should be given to attorneys who:

(1) are members of the bar admitted to practice in the jurisdiction or admitted to practice *pro hac vice*; and

(2) qualify as lead counsel under paragraph (f) of these standards or meet the following requirements:

(A) are experienced and active trial practitioners with at least three years of litigation experience in the field of criminal law; and

(B) have prior experience as lead counsel or cocounsel in no fewer than three state or federal jury trials of serious and complex cases which were tried to completion, at least two of which were trials in which the charge was murder; or alternatively, of the three jury trials, at least one was a murder trial and one was a felony jury trial; and

(C) are familiar with the practice and procedure of the criminal courts of the jurisdiction; and

A184

**(D)** have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases, and

**(E)** have attended within the last two years a continuing legal education program of at least twelve hours' duration devoted specifically to the defense of capital cases.

**(h) Appellate Counsel.** Appellate counsel assignments should be given to attorneys who:
**(1)** are members of the bar admitted to practice in the jurisdiction or admitted to practice *pro hac vice*; and

**(2)** are experienced and active trial or appellate practitioners with at least five years of experience in the field of criminal law; and

**(3)** have prior experience in the appeal of at least one case where a sentence of death was imposed, as well as prior experience as lead counsel in the appeal of no fewer than three felony convictions in federal or state court, at least one of which was an appeal of a murder conviction; or alternatively, have prior experience as lead counsel in the appeal of no fewer than six felony convictions in federal or state court, at least two of which were appeals of a murder conviction; and

**(4)** are familiar with the practice and procedure of the appellate courts of the jurisdiction; and

**(5)** have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases; and

**(6)** have attended within the last two years a continuing legal education program of at least twelve hours' duration devoted specifically to the defense of capital cases.

**(i) Notice of Appearance.** An attorney who is retained or appointed in place of the Public Defender or Criminal Conflict and Civil Regional Counsel to represent a defendant in a capital case shall immediately file a notice of appearance certifying that he or she meets the qualifications of this rule. If the office of the Public Defender or Criminal Conflict and Civil Regional Counsel is appointed to represent the defendant, the Public Defender or Criminal Conflict and Civil Regional Counsel shall certify that the individuals or assistants assigned as lead and co-counsel meet the requirements of this rule. A notice of appearance filed under this rule shall be served on the defendant.

**(j) Limitation on Caseloads.**
**(1) Generally.** As soon as practicable, the trial court should conduct an inquiry relating to counsel's availability to provide effective assistance of counsel to the defendant. In assessing the availability of prospective counsel, the court should consider the number of capital or other cases then being handled by the attorney and any other circumstances bearing on the attorney's readiness to provide effective assistance of counsel to the defendant in a timely fashion. No appointment should be made to an attorney who may be unable to provide effective legal representation as a result of an unrealistically high caseload. Likewise, a private attorney should not undertake the representation of a

Rule 3.112 ...    Fla. R. Crim. P. 3.112

defendant in a capital case if the attorney's caseload is high enough that it might impair the quality of legal representation provided to the defendant.

**(2) Public Defender.** If a Public Defender or Criminal Conflict and Civil Regional Counsel seeks to refuse appointment to a new capital case based on a claim of excessive caseload, the matter should be referred to the Chief Judge of the circuit or to the administrative judge as so designated by the Chief Judge. The Chief Judge or his or her designate should coordinate with the Public Defender or Criminal Conflict and Civil Regional Counsel to assess the number of attorneys involved in capital cases, evaluate the availability of prospective attorneys, and resolve any representation issues.
*(Note that subdivision (k) applies to attorneys appointed or retained after April 1, 2015.).*

**(k) Qualifications of Lead Counsel in Capital Postconviction Proceedings.** In order to serve as lead counsel, as set forth in rule 3.851, for the defendant in a capital postconviction proceeding, an attorney shall have:

**(1)** been a member of any bar for at least 5 years; and

**(2)** at least 3 years of experience in the field of postconviction litigation; and

**(3)** prior participation in a combined total of 5 proceedings in any of the following areas, at least 2 of which shall be from subdivision (k)(3)(C), (k)(3)(D), or (k)(3)(E) below:

**(A)** capital trials;

**(B)** capital sentencings;

**(C)** capital postconviction evidentiary hearings;

**(D)** capital collateral postconviction appeals;

**(E)** capital federal habeas proceedings.

**(l) Exceptional Circumstances.** In the event that the trial court determines that exceptional circumstances require counsel not meeting the requirements of this rule, the trial court shall enter an order specifying, in writing, the exceptional circumstances requiring deviation from the rule and the court's explicit determination that counsel chosen will provide competent representation in accord with the policy concerns of the rule.

*FL. R. Crim. P. 3.112*

Amended by 314 So. 3d 248, effective 7/1/2021; amended by 188 So.3d 764, effective 1/1/2016; amended by 148 So. 3d 1171, effective 1/1/2015; amended by 3 So.3d 1175, effective 2/26/2009; amended by 993 So.2d 501, effective 10/8/2008; amended by 820 So.2d 185, effective 7/1/2002; adopted by 759 So.2d 610, effective 7/1/2000.

*Committee Comments.*

*These standards are based on the general premise that the defense of a capital case requires specialized skill and expertise. The Supreme Court has not only the authority, but the constitutional responsibility to ensure that indigent defendants are provided with competent counsel, especially in capital cases where the State seeks to take the life of the indigent defendant. The Supreme Court also has exclusive jurisdiction under Article V section 15 of the Florida Constitution to "[r]egulate the admission of persons to the practice of law and the discipline of persons admitted."*

A186

Rule 3.112 ...    Fla. R. Crim. P. 3.112

*Implied in this grant of authority is the power to set the minimum requirements for the admission to practice law, see In re Florida Board of Bar Examiners, 353 So. 2d 98 (Fla. 1977), as well as the minimum requirements for certain kinds of specialized legal work. The Supreme Court has adopted minimum educational and experience requirements for board certification in other specialized fields of the law.*

*The experience and continuing educational requirements in these standards are based on existing local standards in effect throughout the state as well as comparable standards in effect in other states. Specifically, the committee considered the standards for the appointment of counsel in capital cases in the Second, Sixth, Eleventh, Fifteenth, and Seventeenth Circuits, the statewide standards for appointing counsel in capital cases in California, Indiana, Louisiana, Ohio, and New York, and the American Bar Association standards for appointment of counsel in capital cases.*

*These standards are not intended to establish any independent legal rights. For example, the failure to appoint cocounsel, standing alone, has not been recognized as a ground for relief from a conviction or sentence. See Ferrell v. State, 653 So. 2d 367 (Fla. 1995); Lowe v. State, 650 So. 2d 969 (Fla. 1994); Armstrong v. State, 642 So. 2d 730 (Fla. 1994). Rather, these cases stand for the proposition that a showing of inadequacy of representation in the particular case is required. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These rulings are not affected by the adoption of these standards. Any claims of ineffective assistance of counsel will be controlled by Strickland.*

*The American Bar Association Standards and many other state standards require the appointment of two lawyers at the trial level in every prosecution that could result in the imposition of the death penalty. The committee has modified this requirement by allowing the trial court some discretion as to the number of attorneys, and by eliminating certain provisions that may be unnecessary or economically unfeasible. Paragraph (e) minimizes the potential duplication of expenses by limiting the compensable participation of cocounsel. In addition, the standard adopted herein requires an initial showing by lead counsel of the need for cocounsel and, while the standard suggests that cocounsel should ordinarily be appointed, the ultimate decision is left to the discretion of the trial court.*

*The committee emphasizes that the right to appointed counsel is not enlarged by the application of these standards. The court should appoint conflict counsel only if there is a conflict and the defendant otherwise qualifies for representation by the Public Defender. A defendant who is represented by retained counsel is not entitled to the appointment of a second lawyer at public expense merely because that defendant is unable to bear the cost of retaining two lawyers.*

**Criminal Court Steering Committee Note**

**2014 Amendment.** *The Steering Committee added minimum requirements for lead counsel in capital postconviction proceedings to ensure a requisite level of expertise in capital postconviction cases and to permit the State the opportunity to seek opt-in treatment pursuant to 28 U.S.C. §§ 2261-2266.*

casetext

A187

**Continuing Legal Education and Basic Skills Course Requirements Report**

121837
Mr. William Stone
William H Stone PO Box 120520
Clermont, FL 34712-0520

| Continuing Legal Education Requirement (CLER) | | | | |
|---|---|---|---|---|
| CLE Reporting Cycle   03/01/2016 - 02/28/2019 | | | CLE Exemption | None |
| Area | | Required | Earned | Needed |
| General | | 30 | 0 | 30 |
| Professional Responsibility (Professionalism, Ethics, Substance Abuse, Mental Illness, or Bias Elimination) | | 5 | 0 | 5 |

| Basic Skills Course Requirement (BSCR) | | | |
|---|---|---|---|
| | Status | Reporting Date | Programs Completed |
| Practicing with Professionalism (One program required) | Compliant | | Compliant |
| | | Reporting Date | Hours Completed |
| Young Lawyers Division Programs (21 hours required) | Compliant | | 0 |

## CLER Credit History for William Stone 121837

| Reference | Title | Current Cycle | Date | Gen | PR | Tech |
|---|---|---|---|---|---|---|
| 1406614N | Hot Ethical Issues for Today's Practitioner | | 02/12/2016 | 5.0 | 5.0 | 0.0 |
| 1505063N | Legal Guide to Introducing International Products | | 02/08/2016 | 2.5 | 0.0 | 0.0 |
| 1505082N | The Cross-Examination of a Hostile Witness | | 02/08/2016 | 2.0 | 0.0 | 0.0 |
| 1505069N | Dividing Defined Benefit Pension Plans in Family C | | 02/05/2016 | 1.0 | 0.0 | 0.0 |
| 1409468N | Piercing the Corporate Veil: When Can Owners Be | | 01/30/2016 | 1.5 | 0.0 | 0.0 |
| 1406617N | Cross-Examination of the Negative Defense Medical | | 01/30/2016 | 3.0 | 0.0 | 0.0 |
| 1505026N | Hot Topics in Immigration Related to the EB-5 Prog | | 01/29/2016 | 2.5 | 0.0 | 0.0 |
| 1505078N | Heckerling 2015 Nuggets | | 01/29/2016 | 1.0 | 0.0 | 0.0 |
| 1406613N | Medicare Lien Issues for Insurance Defense Counsel | | 01/29/2016 | 1.5 | 0.0 | 0.0 |
| 1505060N | Construction Delays: Causes, Prevention, and Damag | | 01/22/2016 | 1.5 | 0.0 | 0.0 |
| 1505031N | Preventing Workplace Violence: What Attorneys Need | | 01/22/2016 | 1.5 | 0.0 | 0.0 |
| 1505061N | 11 Common Intellectual Property Mistakes | | 01/22/2016 | 2.0 | 0.0 | 0.0 |
| 1505087N | Handling the DWI Case: Standardized Field Sobriety | | 01/21/2016 | 1.5 | 0.0 | 0.0 |
| 1406610N | Strategies for Conducting Effective & Legally | | 01/21/2016 | 1.5 | 0.0 | 0.0 |
| 1505057N | Is That Contract Valid? Protecting & Attacking Con | | 01/21/2016 | 2.0 | 0.0 | 0.0 |
| 1039-3 | ETHICS UPDATE 2012-2013 | | 10/18/2012 | 1.0 | 1.0 | 0.0 |
| 7941-1 | BUILD BETTER DEFENSE 2011 | | 07/29/2011 | 14.5 | 1.0 | 0.0 |
| 6795-1 | 2011 5TH CIRCUIT PROFESSI | | 06/03/2011 | 4.0 | 4.0 | 0.0 |
| 6883-1 | IMMIGRATION LAW AND CRIMI | | 04/29/2011 | 3.5 | 0.0 | 0.0 |
| 2077-1 | EFFECTS OF A CRIMINAL CAS | | 11/19/2010 | 1.0 | 0.0 | 0.0 |
| 5464-9 | BUILDING A BETTER DEFENSE | | 09/25/2010 | 14.5 | 4.5 | 0.0 |
| 5810-0 | INTERACTIVE ETHICS UPDATE | | 05/21/2010 | 1.5 | 1.5 | 0.0 |



A188

10/25/22, 3:26 PM

CLE Report - All Credits - Mr. William Hilton Stone



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL 32399-2300**

850/561-5600
www.floridabar.org

**Joshua E. Doyle**
**Executive Director**

10/25/2022

Al89

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR LAKE
COUNTY, FLORIDA

STATE OF FLORIDA                    CASE NO.     11-CF-000105-A-04

vs

DONALD OTIS WILLIAMS
        Defendant.
_____/

## NOTICE OF APPEARANCE

The Office of the Public Defender, pursuant to Rule 3.030, Florida Rules of Criminal

Procedure, and the Order of Appointment entered herein, enters this Notice of Appearance as

attorney of record for the Defendant, DONALD OTIS WILLIAMS, requests copies of all motions,

pleadings, orders, notices, demands and similar papers filed herein, and waives Defendant's personal

appearance at any arraignment or pretrial conference scheduled, set or held herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished
to the State Attorney's Office, Post Office Box 7800, Tavares, FL 32778, by hand delivery/
United States Postal Service/electronic transmission this 16th day of February, 2011.

Office of Howard H. Babb, Jr.
Public Defender
Fifth Judicial Circuit

WILLIAM H. STONE
Assistant Public Defender
Florida Bar No. 00121837
Post Office Box 7800
Tavares, FL 32778-7800

FELONY DIVISION
2011 FEB 17 A 10 38
CLERK OF CIRCUIT
AND COUNTY COURT
LAKE COUNTY
TAVARES FLORIDA

C:\FL\MP\st_document1.WPD    Tuesday, February 8, 2011 (9:45am)

A190



Case: 2011 CF 000105

Filing # 70909613 E-Filed 04/18/2018 03:58:10 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

STATE OF FLORIDA,                                    CASE NO.  2000-CF-002130-A
                                                                      2011-CF-000105-A

      Plaintiff,                                           Judge: NACKE
                                                                      Division: 3
v.

DONALD WILLIAMS,                                     STAND-BY COUNSEL
      Defendant.
_____/

### NOTICE OF APPEARANCE AND WAIVER OF ARRAIGNMENT
### DESIGNATION OF PRIMARY ESERVICE ADDRESS
### NOTICE TO PARTICIPATE IN DISCOVERY

#### I.    NOTICE OF APPEARANCE:

COUNSEL HEREBY FILES her Notice of Appearance on behalf of the Defendant, DONALD WILLIAMS, in the above styled cause. Defendant hereby waives his/her appearance for purposes of arraignment. Defendant enters a plea of not guilty to the charges filed against him/her based on the court's allowing Defendant ten days from the date of his scheduled arraignment within which to file all motions to dismiss. Defendant requests a trial by jury on the charges.

The undersigned attorney hereby requests the clerk of the court furnish her with a copy of the information filed against Defendant.

#### II.    DESIGNATION OF PRIMARY E-FILING ADDRESS

COUNSEL HEREBY FILES her notice of Primary and Secondary E-Filing and E-Mail Addresses:

1. Primary Eservice Address:        Attorney@hawthornelaw.us
2. Secondary Email Address:        ALawyerCH@gmail.com

#### III.    NOTICE TO PARTICIPATE IN DISCOVERY

Pursuant to Rule 3.220 (a), Fla. R. Crim. P. (2017), the Defendant, by and through the undersigned attorney of record, files this Notice of Discovery, which shall bind both the State of Florida and Defendant to all discovery procedures contained in Rule 3.220. The prosecutor has the obligation to disclose to Defendant's attorney the following information pursuant to Rule 3.220(b):

1

A191

(I)    The name and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.

(II)    The statement of any person whose name is furnished in compliance with the preceding paragraph. The term A statement as used herein includes a written statement made by said person and signed or otherwise adopted or approved by him, and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term A statement is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case.

(III)    Any written or recorded statements and the substance of any oral statements made by the accused including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statement.

(IV)    Any written or recorded statements and the substance of any oral statements made by a Co-Defendant if the trial is to be a joint one.

(V)    Those portions of recorded grand jury minutes that contain testimony of the accused.

(VI)    Any tangible papers or objects which were obtained from or belonged to the accused.

(VII)    Whether the State has any material or information which has been provided by a confidential informant.

(VIII)    Whether there has been any electronic surveillance, including wire-tapping, of the premises of the accused, or of conversations to which the accused was a party; and any documents relating thereto.

(IX)    Whether there has been any search or seizure and any documents relating thereto.

(X)    Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.

(XI)    Any tangible papers or objects which the prosecuting attorney intends to use in the hearing or trial and which were not obtained from or belonged to the accused.

That this Notice of Discovery is filed in good faith, pursuant to Rule 3.220(n) (3), Fla. R. Crim. P. (2017), and not for the purpose of delay.

2

A192

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on April 18th, 2018 to:

The office of the State Attorney at Eservicelake@sao5.org
Regional Counsel's Office at jdeen@rc5state.com

HAWTHORNE LAW FIRM, P.A.

By: *Candace A. Hawthorne Esq.*

CANDACE A. HAWTHORNE, ESQ.
FL Bar #: 0798177
319 E. Main St.
Tavares, FL 32778
Phone: (352) 742-5200
Fax:  (352) 742-5151
Email: ALawyerCH@gmail.com
Eservice: Attorney@hawthornelaw.us

3

A193

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

STATE OF FLORIDA,
V

DONALD O. WILLIAMS,
    Defendant.

CASE NO. 2000-CF-2130-A
2011-CF-0105-A

_____/

## ORDER ALLOWING STANDBY COUNSEL TO WITHDRAW

THIS CAUSE having come before the court upon a Motion of Standby Counsel for the above-named Defendant to withdraw due to an imputed conflict pursuant to Fla.R.Prof.Resp.4-1.10, and the Court having been fully advised of the premises therein, it is hereby

ORDERED AND ADJUDGED that CANDACE A. HAWTHORNE, ESQ. is hereby allowed to withdraw as standby counsel for the Defendant in the above-styled cause and _Ana Gomez Mallada_ is hereby appointed standby counsel to the Defendant in this cause.

IT IS FURTHER ORDERED that CANDACE A. HAWTHORNE, ESQ. shall forward all discovery materials in this matter to the newly appointed standby counsel within three (3) days of the date of this Order. If no discovery has yet been received, the former standby counsel shall immediately notify the newly appointed standby attorney.

DONE AND ORDERED at Lake County Judicial Center, Tavares, Florida this  19  day of July 2018.

HON. MARK NACKE
CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery and EService on July  18 , 2018 to:

Hugh Bass, Esq., Assistant State Attorney, at EServiceLake@sao5.org
Candace A Hawthorne, Esq. at Attorney@Hawthorne.Law.us; ALawyerCH@gmail.com
Donald O. Williams, Inmate, Florida State Prison, 7819 NW 228th Street, Raiford, FL 32026-1000
Standby Counsel: _Ana Gomez Mallada., 320 W. Oakland Park Blvd, Ft. Lauderdale 33311_

Judicial Assistant/Deputy Clerk

A194



Telephone
(352) 742-4270

Felony Fax
(352) 742-4297

LAW OFFICES OF
**MICHAEL A. GRAVES**
PUBLIC DEFENDER

Administrative Fax
(352) 742-4350

Misd./Juv Fax
(352) 253-6030

Fifth Judicial Circuit of Florida
Marion • Lake • Hernando • Citrus • Sumter

July 7, 2013

EVIDENCE
IN THE CIRCUIT/COUNTY COURT
LAKE COUNTY, FLORIDA

Case No. 2011 CF 000105 (04)

State of Florida
Vs
DONALD OTIS WILLIAMS, Defendant

Donald O. Williams
Lake County Detention Center
551 West Main Street
Tavares, FL 32778

Filed: _____
State's ☐                    Defendant's ☑
For ID  11 x 8   As Evidence _____

NEIL KELLY, CLERK

By: _____ D.C.

Dear Mr. Williams,

This is in response to the subpoena for trial served upon me by the State Attorney's office on your behalf. I acknowledge receipt of the same and will appear to testify if you wish. I cannot imagine what you would be calling me to testify to, but I am certainly ready to appear. Any information that you can give me as to when I would need to be available during the trial period would be appreciated. Mr. Carranza also asked me to inform you that he has received the subpoena that you directed to him.

Sincerely,

William L. Grossenbacher
Assistant Public Defender

A195

123 North Sinclair Avenue • Post Office Box 7800 • Tavares, Florida 32778

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

STATE OF FLORIDA

CASE NO. 2011-CF-105

v.

DONALD O. WILLIAMS,
    Defendant
_____/



### AMENDED ORDER

THIS CAUSE came before the Court on the Defendant's request for due process materials, and the Court, having considered the request, finds as follows:

1. The Defendant is indigent.

2. The Defendant is representing himself in the penalty phase of a first degree murder case.

3. The Defendant is in need of paper, writing utensils, envelopes, postage, and other supplies and services provided to those defendants representing themselves.

4. Documents to be filed with the Court should be on 8 ½ by 11 inches paper.

5. To obtain legible originals and copies, it is preferable that documents be printed in black ink.

It is therefore, ORDERED AND ADJUDGED that the Lake County Sheriff's Office shall provide the Defendant with 8 ½ by 11 inches white paper, writing utensils with black ink, envelopes, postage and such other supplies and services provided to those defendants who are indigent and representing themselves.

A196

IN THE SUPREME COURT OF FLORIDA


DONALD OTIS WILLIAMS ,
Petitioner


VS. CASE NO:_____
L.T.CASE NOS: 2011-CF-105
2000-CF-2130


STATE OF FLORIDA, ET AL.,
Respondents.

_____/


. SWORN AFFIDAVIT

I , Sean T. Fisher , a private investigator licensed to practice in the State of Florida and in excellent standing with the Florida Justice Administrative Commission hereby informs the Honorable Court and all interested parties that after an extensive and diligent search of the files and records in the fourteen large boxes containing over 50, 000 documents provided to Petitioner Donald Otis Williams by the elected Public Defender Michael Allen Graves and Assistant State's Attorney Hugh Dean Bass Jr. during death penalty trial court proceeding on August 28 , 2018 , assert there is no acknowledgment of receipt signed by Petitioner Donald Otis Williams that would indicate or suggests Petitioner Donald Otis Williams accepted public defender death penalty trial case file records or was provided public defender death penalty trial case file records before or during August 2013 death penalty trial contrary to state and federal laws and in direct contempt and with indirect contempt of death penalty trial court commands rendered in February 2013 and , but not limiting , in March 2013 concerning death penalty trial court actions .

I can unequivocally confirm the only acknowledgment of receipt signed by Petitioner Donald Otis Williams that exists , and legally verifies Petitioner Donald Otis Williams accepted public defender death penalty trial case file records is clearly indicated as August 28 , 2018 .

I can also provide the Honorable Court , and all interested parties that , following a meticulous and exhaustive search of all the records produced during the August 28 , 2018 death penalty trial court proceeding there is absolutely no documented proof that remotely implies the public defender conformed with State and Federal laws or death penalty trial court orders to furnish death penalty trial court defense counsel Petitioner the public defender's comlete death penalty trial case file records before or during the August 2013 death penalty trial .

In closing I respectfully proclaim the following:

A ( 97

UNDER THE PENALTIES OF PERJURY , I DECLARE , I HAVE READ THE FOREGOING AFFIDAVIT AND THE
FACTS STATED ABOVE ARE TRUE AND CORRECT AND IN ACCORDANCE WITH SECTION 92.525 , FLORIDA
STATUTES ( 2018 ).

Further affiant sayeth not.

SEAN T. FISHER


COUNTY OF ALACHUA , STATE OF FLORIDA

I HEREBY CERTIFY that on this day , before me , an officer duly authorized in the State aforesaid and in
the County aforesaid to take acknowledgments , personally appeared Sean T. Fisher , who is personally
known to me or who has produced a valid State of Florida driver's license as identification and who
executed the aforesaid Affidavit , and Sean T. Fisher acknowledged before me the matters contained
therein are true .

WITNESS my hand and official seal in Alachua County in the State of Florida this _____7_____ day of
_march_____ , 2019 .

Notary Public

CHRISTOPHER SHEPHERD
Notary Public – State of Florida
Commission # GG 141777
My Comm. Expires Sep 6, 2021
Bonded through National Notary Assn.

A198