UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD OTIS WILLIAMS,
        Petitioner,

VS                              Case No. 5:16-cv-357-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, ET AL.,
        Respondents.
_____/

                MOTION FOR AMENDED ORDER

        COMES NOW Petitioner in the above-styled cause
in response to the Honorable Court's Order dated October 10,
2025 primarily instructing Respondents to "file a Notice with
the Court within 10 days of the date of this Order advising the
Court as to the status of Petitioner's state court proceedings and
whether this case should be reopened." And secondly the
Honorable Court on October 10, 2025 ordered Respondents to
"file a Response to Petitioner's Motion to Supplement within 21
days of the date of this Order." Support of this supplication
is as follows:

        Firstly Petitioner stands extremely grateful for the
Honorable Court's indulgence in this matter and moves the

Honorable Court to add two (2) additions to the Honorable Court's Order dated October 10, 2025. The first addition to the Order is requested to be instructing Respondents to also respond to Petitioner's Addendum to Petition (Doc 30) in addition to the October 10, 2025 Order directing Respondents to file a response to Petitioner's Motion to Supplement (Doc 29).

The second addition requested to be added to the Order dated October 10, 2025 by Petitioner is for the Honorable Court to allow Petitioner an amount of days, determined by the Honorable Court's discretion, to reply to Respondents' Court Ordered responses in the October 10, 2025 Order.


Support of Response to Petitioner's Addendum to Petition

Petitioner brings to the Honorable Court's attention respectfully the Petition was submitted to the Court two (2) years and much more **before** the criminally concealed evidence in cases 2000-CF-2130 and 2011-CF-105 were revealed during the August 28, 2018 hearing as shown in the Motion to Supplement (Doc. 29) Appendix at page numbers A15 and A16-A19 as well as A25-A26. Criminally concealed evidence is an **Unquestionable Plain Error**. There is no doubt in this assertion that over 100,000 State Evidence documents (Page A15) and 62 DVDs

2

(pages A16-A19) including 3 cassettes (pending) were withheld and concealed from Petitioner since the day February 4, 2013 (Noting page A75 and pages A103-A105, and pages A169, A150-A168 and pages A166-A149 with awareness to pages A170-A171 as well as in the Addendum to Petition ( Doc 30 ) Appendix entitled "July 7, 2013 Letter by APD confirming Subpoenas Received on Him and Co-chair") Petitioner was court recognized as defense counsel until August 28, 2018 hearing (pages A25-A26) that commenced solely because of Petitioner's "Petition for Writ of Mandamus" in 2017 that resulted in trial court "Order to Show Cause" and elected Public Defender open court admittance of losing evidence during January 24, 2018 hearing and State Attorney assurance the evidence would be produced on August 28, 2018 more than 5 years after the February 28, 2013 Order (Page A75) and 5 years after August 2013 verdict. Pursuant to Frazier v State, 292 So 3d 848, 850-51 (Fla 5th DCA 2020)(citing Von Waldner v State, 860 So 2d 1061 (Fla 5th DCA 2003) the violations of 6th Amendment's Speedy Trial, this Undeniable Plain Error is initiated in this Honorable Court concerning both cases 2000-CF-2130 and 2011-CF-105 for the first time as Petitioner

3

alerted the Honorable Court in the first paragraph of the "Motion to Supplement" (Doc 29) and on the cover page also of "Addendum to Petition" (Doc 30) that "critically severe developments that have occurred since the filing of the Petition" (Doc 2). These reasons are why this case should be reopened and, these Unquestionable Plain Errors of concealing evidence for over 5 years after verdict in case number: 2011-CF-105 of August 29, 2013 and in commencement of case number: 2000-CF-2130. As Petitioner reverberated APD's pronouncement of June 1, 2011 legal meeting with Petitioner, "Had the state's evidence and public defender file been provided before or, during the August 2013 trial in case number: 2011-CF-105 as commanded by the February 28, 2013 Order (Supp. App. page A75) then neither the State of Florida or public defender would have re-copied their records-again." (Addendum to Petition, pages 6-7).

   Additionally, in support of Petitioner's request to the Honorable Court to include the Addendum to Petition (Doc 30) to an Amended Order is the declarations in the Addendum's Supplemental Appendix II and in the Addendum came from storage due to the Pandemic that began in 2020. Petitioner had not the Addendum to Petition Appendix until

4

after the Motion to Supplement was constructed and filed. As the Honorable Court can easily see the Addendum effectively explains the grounds placed in the Petition and supports the grounds and issues with trial court documents, whereas these documents were in storage when the Motion to Supplement was sent to the Honorable Court.

Another declaration in the Addendum (Doc 30) is not only better disclosure of Ground One citing <u>Kegler v State</u>, 46 So. 3d 1061, 1062 (Fla. 2d DCA 2010) in which trial court placed public defender under oath to testify against Petitioner on eve of trial (Ground One, pages 1-3 of Addendum) that should had disqualified public defender, but forced Petitioner to defend himself contrary to <u>Bryant v State</u>, 262 So. 3d 116, 111 (Fla. 5th DCA 2016) as noted in Motion to Supplement, page 10, footnote 27.

Petitioner moves the Honorable Court to include the Addendum (Doc 30) with the Motion (Doc 29) in the requested Amended Order frankly because the Addendum is an attachment to the Motion. (Doc 29).

Also in respect to Ground Two of the Addendum (pages 3-5) the relative nature of the concealment of State evidence during March 17, 2017 and March 23, 2017 (pages 3-4) hearings which prompted Petitioner to look for other concealed evidence (See Addendum (Doc. 30) page 4.

5

beginning final paragraph) which was expressed further in the June 1, 2017 legal meeting between public defender standby counsel and trial court recognized defense counsel Petitioner. The content of the June 1, 2017 legal meeting between public defender standby counsel and Petitioner was an direct admission of extreme wrongdoing by public defender in concealing the evidence of the August 2013 trial. This same exact evidence concealed by public defender is the same evidence concealed by public defender in the 2011-CF-105 case before, during and, 5 years after the August 2013 trial and concealed by public defender in the 2000-CF-2130 case/trial of November 21, 2013 which is the same exact evidence extracted from the public defender and State of Florida during August 28, 2018 hearings (See Supp. App pages A15; A16-A19; A25-A26) 5 years after August 2013 trial, over 5 years after February 28, 2013 Order (Supp. App. page A75) that is a violation of Speedy Trial expressed in Frazier v State, 292 So. 3d 848, 850-51 (Fla 5th DCA 2020) noted in detail in Motion to Supplement (Doc 29) at pages 5, 12 and also in Addendum to Petition (Doc 30) at pages 5, 7, 8, 9, 10, 13, 14, 15. Petitioner expressedly contends the Addendum is an attachment to the Motion and moves the Honorable Court to agree.

6

Finally Petitioner prays the Honorable Court will grant this supplication respectfully requesting an Amended Order to include Respondents to respond to Petitioner's Addendum to Petition (Doc 30) as explained above, with a respectfull request to allow Petitioner a certain amount of days to reply to Respondents' Court Ordered Responses.

WHEREFORE Petitioner respectfully moves the Honorable Court to grant this supplication.

### CERTIFICATE OF SERVICE

I hereby certify this instrument was sent by U.S. Mail on October 16, 2025 to the following parties.

1. United States District Court
207 NW Second Street, Room 337
Ocala, Florida 34475

2. Attorney General
444 Seabreeze Blvd, Fifth Floor
Daytona Beach, Florida 32118
32118

7

## UNNOTARIZED OATH

**UNDER PENALTIES OF PERJURY, I declare that I have read the foregoing motion and the facts stated in it are true.**

Executed this 16th day of _October_ , ~~2020~~ 2025

Authored and Sworn to by _Donald Otis Williams_

Donald Oatis Williams, DC#U13479
P.O. Box 1000
Raiford, Florida 32083

8



Mailed from a
State Correctional
Institute

Donald Otis Williams, L113479
Union Correctional Institution
P. O. Box 1000
Raiford, Florida   32083



SCREENED
By USMS

United States District Court
207 NW Second Street, Room 337
Ocala, Florida   34475-6666

Legal  5:16-cv-357

