UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD OTIS WILLIAMS,
    Petitioner,

v.                            CASE NO: 5:16-CV-357-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY GENERAL, et al.,
    Respondent(s).
_____/

## MOTION FOR SUMMARY JUDGMENT

    Pursuant to federal law, Petitioner respectfully moves the Honorable Court for summary judgment concerning the above cause.  Support of this respectfully submitted supplication is as follows:

    1. Summary judgment is caused by procedural bypass as has been displayed by Respondents in Respondent's "Response to Motion to Amend."  Firstly, a procedural bypass diverts attention away from undefeatable grounds and issues, as Petitioner's Petition is saturated with. But Respondent's Response to Motion to Amend attacks the presentation of Plain Errors that are relevant in June 2, 2016 (Petition at Doc. 2) and more substantially relevant in Petitioner's Addendum to Petition (Doc. 30).

    2. The fact that the "Response" dated October 31, 2025 bypasses the irrefutable plain errors inundating the Petition, the Supplement (Doc. 29), and

1

Addendum (Doc. 30), is evident from the cover page. However, the proposition as the Respondent's title implies Response to Motion to AMEND is an unequivocal suggestion Petitioner is attempting to AMEND the Petition instead of supplementing the Petition. To "amend" means change. To supplement means to add.

3. On page 2 of Respondent's "Response" in the last sentence, "but rather attempt to create whole new claims that have not (into page 3 of Response) first been presented to the state courts." (Response in enumerate 3, page 2-3).

4. Every Issue in each ground has been presented to trial court. Each and every issue; each and every ground has been submitted to trial court and denied or dismissed by trial court judge. Each and every issue in each and every ground is unquestionably plain error. Not once has any of the plain errors presented in trial court awarded the least of resemblance of an evidentiary hearing. Not one plain error submitted to this Honorable Court has been provided judicial process in the state trial court or any state court. Plain error is not a hostage to be held in the state. Plain error is an application for review in the United States District Court at any time. Petitioner has chosen this instance to present Plain Error.

## THE UNITED STATES CONSTITUTION

5. The honor born into Petitioner and strengthened in Petitioner's soul by Petitioner's father (FN1) and mother and Petitioner's brothers (FN2), and

grandparents with family caused Petitioner to defend, under arms, the Constitution of the United States. (FN3).

6. The Constitution of the United States and defended thereof is every American's breath of duty before the United States Constitution was constructed. The Constitution is the blood, heart, proudness, courage of every American born before and after September 29, 1789. Countless men, women, and children have perished defending the breath of the United States Constitution. And despite opinion, respect of the Constitution should never waiver.

7. In Amendment 1 guarantees the right of the people to petition the Government for a redress of grievances. U.S.C.A. 1. The first step of case number: 5:16-CV-357-WFJ-PRL is based upon our Constitution's First Amendment. Prohibiting, declining, preventing and denying an American from the First Amendment is an unquestionable, undeniable, plain error, U.S.C.A. 1.

8. Amendment 5 of the United States Constitution provides each American the guarantee to never be placed in double jeopardy. U.S.C.A. 5th Amend. The Fifth Amendment guarantees no American be the subject for the same offense be compelled in any criminal case to be a witness against themselves. And no American shall be deprived of life, liberty, or property without due process of law.

Note: Petition (Doc. 2), page 8. Ground Three. See February 28, 2013 Order at page A75.

9. Amendment 6 guarantees each American shall enjoy the right to a speedy

3

trial, and to be informed of the nature and cause of the accusation, confront witnesses against the defendant, have compulsory process for obtaining witnesses in defendant's favor, and to have the assistance of counsel for defendant's defense. U.S.C.A. 6th Amendment.

10. Amendment 8 guarantees no cruel and unusual punishments shall be allowed imposition upon any American. U.S.C.A. 8th Amendment.

11. Amendment 13. Neither Slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction. U.S.C.A. 13th Amendment.

12. Amendment 14. No State shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S.C.A. 14th Amendment.

13. Plain errors as derived from any amendment of the Constitution above-referenced may be declared in any court of the United States, at any time. *Donald Otis Williams v. Secretary, Department of Corrections,* Case Number: 5:16-CV-357-WFJ-PRL, an active habeas corpus case in the Middle District of Florida is no exception.

14. The plain error listed in the Amended Petition (Doc. 2), as well listed afterward in supplemental filings in this active habeas corpus case are supported by

4

Florida state court's sworn affidavits and sworn testimonies, Florida state court's documents and, among others, media evidence of 62 (sixty-two) DVDs. The evidence listed in Petitioner's "Motion to Supplement" (Doc. 29) and the evidence listed in Petitioner's "Addendum to Petition" (Doc. 30) are the same evidence listed in case numbers: 2000-CF-2130 and 2011-CF-105. The evidence concealed from Petitioner in contempt of February 28, 2013 order (Supp. App. at page A75) for well over 5 (five) years and forcibly produced by Petitioner's "Petition for Writ of Mandamus" which was converted by trial judge to an "order to show cause" (FN4) to August 28, 2018 proceeding (Supp. App. at pages A15, and A16-A19, A25-A26) is the same evidence concealed from Petitioner during August, 2013 trial and November 21, 2013 trial in case numbers: 2000-CF-2130 and 2011-CF-105. Because Petitioner was trial court-recognized defense counsel on February 4, 2013, the evidence used to convict Petitioner was mandatorily required to be provided to Petitioner during speedy trial period. See *Frazier v. State,* 292 So. 3d 848 (Fla. 5th DCA 2020). See Supp. App at pages A408- A410.

15. No entity of State of Florida and no judge have ever produced one shred of evidence to refute the claim of concealed evidence and because of this Petitioner moves the Honorable Court for discharge. Page A334, Line 12 through A339- Line 16

16. The irrefutable fact that neither State of Florida or public defender adhered to speedy trial requirements from February 4, 2013 to August 12, 2013

which was the start date of trial undeniably manifest plain error.

17. Secondly, to irrefutably to show plain errors are not adhered to by state attorney or public defender is the facts of contempt of court in the concealments of 2 (two) of the State of Florida's "star" witnesses' criminal backgrounds from trial court and from trial jury and the contempt of court commands by state and public defender that concealed felony background convictions of Daniel Lee Culverhouse and Scott William Hurrell (See, Motion at Doc. 29, pages 3-4) from Court recognized defense counsel Petitioner. The announcement by trial judge occurred verbally in open court by specified order to both public defender and state attorney to announce in open court to trial jury and to trial court that a witness to testify was a convicted Felon and the charges adjudicated. This order was magnified by plain orders of litigation. The seriousness of the concealment of criminal backgrounds of State witnesses is under alert by the open court order by trial court during a death-seeking trial entwined into case number: 2000-CF-2130.

18. No entity of State of Florida and no state judge has ever produced a shred of refutable evidence to challenge this assertion that 2 (two) state witnesses are convicted felons during their testimony against Petitioner and done so for favors to them. Because of these plain errors Petitioner moves this Honorable Court for discharge cumulatively pursuant to *Frazier* cited above. (FN 5  ).

19. See *Von Waldner v. State,* 860 So. 2d 1061 (Fla. 5th DCA 2003).

6

20. Again, as presented in the Amended Petition (Doc. 2) and in Petitioner's Motion to Supplement (Doc. 29) and in Petitioner's Addendum to Petition (Doc. 30, cover page through page 4) Petitioner was denied counsel, non-adversarial counsel (FN 6), in speedy trial time period. (See, Addendum to Petition, Doc. 30 at pages 2 through page 8). NOTE: Supplemental Appendix of Addendum manifesting Petitioner's respectful letter dated May 18, 2007 at page A172 and CAPD Stone's May 25, 2007 response at page A173 containing extraordinary degrading language including "coward" and "lowlife," publicly shared. As well as noted is CAPD Stone's February 16, 2011 "Notice of Appearance" in Document 30, Appendix Manifesting CAPD Stone's ignorance and contempt of Florida Supreme Court Order in FRCrP 3.112 (i) and the primary reason for exposure of adversarial conditions that removed public defender on August 22, 2017 seen in Motion to Supplement (Doc. 29) at page A79.

21. As shown in newly acquired evidence on August 28, 2018, seen in Document 29, Appendix pages A15, A16-A19, A25,-A26, CAPD Stone directed the evidence to not 'each trial court February 4, 2013 recognized defense counsel Petitioner despite February 28, 2013 order (Doc. 29, at page A75). Because of these reasons Petitioner moves the Honorable Court for discharge.

22. Additionally, despite the concealment of evidence, contrary to trial court's February 28, 2013 order, and, despite the intentional concealment of

criminal background felony convictions of 2 (two) state witnesses aforereferenced in contempt of trial court open court orders and judicial proficiency as described previously by Petitioner, and, despite many other speedy trial violations pursuant to *Frazier* cited above, the state attorney in open court, before trial judge, and transcribed (FN7) openly expressed state decision to deny court-recognized defense counsel Petitioner the right of Petitioner to the knowledge of witness Robert Coburn's address, phone number, and all contact information despite Mr. Coburn having given declarations of exculpatory significance in the cases mentioned previously (FN8). Because of the concealment of defense witness address, phone number or other contact information in front of trial judge during open court trial proceeding (FN9) from defense counsel Petitioner (FN10) whereas Mr. Coburn's testimony would have most likely resulted in acquittal because of the exculpatory evidence in the exculpatory testimony. Because the state openly, during court proceedings, in front of trial judge denied Petitioner's Constitutional rights (FN11) in speedy trial time period, and beyond, including this very date, Petitioner moves the Honorable Court for discharge of Petitioner and sanctions levied upon trial judge and state attorney in severe fashion. (FN12).

23. Cumulatively is the fact that public defender testified against Court-recognized defense counsel Petitioner during eve of trial proceeding. (See Petitioner's Motion to Supplement (Doc. 29) at page 10 noting August 2, 2013

8

hearing transcript. (See Supp. App. at pages A150-A168)) which disqualified Public Defender from being reappointed to represent Petitioner in any case, however, on August 21, 2013 Public Defender is reappointed and re-established as defense counsel. (See Supp. App. at pages A106-A149 noting Supp. App. at pages A170-A171● contrary to Constitutional law and noted in Petitioner's Motion to Supplement at page 10 citing *Kegler v. State,* 46 So. 3d 1061, 1063 (Fla. 2d DC 2010) seen in footnote 27 and additionally in Petitioner's Addendum to Petition (DOC. 30) at pages 2, 5, 10 with footnote 1)). Because the above case law with Constitutional laws revoke reappointment of public defender to Petitioner's cases, Petitioner moves the Honorable Court to discharge Petitioner promptly, because of plain errors. See Supp. App. at page A334, lines 12-25 through A339. line 16.

24. Additionally, and cumulatively are the irrefutable facts that Lake County Sheriff stripped Petitioner on eve of trial of all long term anti-seizure medications. (See Motion to Supplement, Doc. 29, at pages 8-12 acknowledged during August 21, 2013 trial proceeding in pages A106 – A149) although Sheriff was well aware Petitioner was trial defense counsel at pages A103 – A105 and trial judge did not ask Petitioner if he wanted a continuance or, order Sheriff to testify why Sheriff ceased all medications on eve of trial. Because therein lies no fault of Petitioner in this action and Trial Judge had prior knowledge of the probability of this occurring in Court ordered on February 1, 2013 by Dr. Mings' evaluation. (See Motion to

Supplement, Doc. 29, at page 9). Petitioner respectfully moves the Honorable Court for discharge due to plain error.

25. Also in Ground Three of the Amended Petition as elaborated in Petitioner's Addendum to Petition (Doc. 30) on pages 5-7 due process materials are denied by Lake County Sheriff as noted in Motion to Supplement (Doc. 29) at pages 4-5 and not corrected by trial judge when the atrocity was conveyed to trial court by Petitioner. (See Supp. App., page A24). Because of the intentional denial of due process materials and trial judge's failure to correct warrants plain error and discharge of Petitioner by violation of speedy trial requirements. To be clear, and unequivocally precise this instant case is based upon plain error defined in Black's Law Dictionary as: "An error that is so obvious and prejudicial that an appellate court should address it despite the parties' failure to raise a proper objection." Plain error can be submitted into any Court at any time. (FN13). January 24, 2018 transcript in *Williams v. State,* Case Numbers: 2011-CF-105 and 2000-CF-2130, Lake County, Florida (FN14).

26. As the Honorable Court can examine are the two cases written above are written on the cover page of the January 24, 2018 transcription. (See Supp. App. at page A301) and written in the transcription on page 3 (Supp. App. page A303, line 5) and referenced throughout the transcript. (Supp. App. page A303    , line 4 for

instance) as are both cases referenced in countless transcripts before and after January 24, 2018 transcript herein.)

27. As the section of this January 24, 2018 hearing referenced on page 2 of the transcript noted in Supp. App. page A302 is "APPEARRANCES" indicating State Attorney Bass, and Public Defender Graves, and Assistant Public Defender Grossenbacher and Lake County Sheriff's Counsel, Mr. Porter, as well as Petitioner appearing before trial judge Mark A. Nacke.

28. Firstly, on page A303, lines 19-25, trial judge states, incorrectly in part mentioning the public defender's mitigation specialist on line 25, but trial judge does correctly state, "Mr. Williams filed a Motion to Compel the Public Defender's Office to provide him with all the discovery in the case, as well as filed a petition for writ of mandamus..." (Lines 19-22). In contrast, to correct trial judge's assessment that this extraordinary motion and extraordinary writ were filed for the public defender's "mitigation expert" (line 25). Petitioner responded on the next page (Supp. App. page A304) lines 6-8, "Your Honor, I believe that the items I requested were not limited to what was provided to the public defender's mitigation specialist." "Oh, yes, sir, I agree. No, I was talking about everything, all the discovery that they received..." "All the discovery that they received..." asserts the state discovery evidence the public defender received from the state from October, 2010 through the year 2011, and through the year 2012 and through

February 4, 2013 for Case Numbers: 2011-CF-105 and 2000-CF-2130 that, because of Petitioner's assertion of self-representation on February 4, 2013 that trial court ordered public defender on February 28, 2013 (Supp. App. page A75 seen in Motion To Supplement (Doc. 29)) to provide Petitioner with the entire copy of State's Discovery Evidence and Public Defender's Case file, (See Motion to Supplement, pages 5-7 (Doc.29)), and Petitioner's Addendum to Petition (Doc. 30, at page 12, last sentence, into page 13) that attest speedy trial violations noted in Footnote 5, pages 13-15 of the Addendum (Doc. 30).

29. In addition to page 4 of the January 24, 2018 hearing transcript (Supp. App. at page A304) lines 18-25 Public Defender states, "To get us out of this revolving door of we have it or allegations that we didn't give it to him." At lines 22-23. "And I am going to prepare copies of everything that we have..." At lines 24-25. Not one time. Not one instance has public defender or state attorney ever produced any document, at all, to support in the very least their baseless allegations that Petitioner received the state discovery evidence from the public defender as ordered by the February 28, 2013 order by trial judge (Supp. App. at page A75 of the Motion to Supplement). And not one time, nor not one instance has the state attorney produced one single document to support the baseless allegations Petitioner received the contents of the February 28, 2013 order. To be very clear, the only documents received from the State is the very few documents from the

February 4, 2013 self-representation assertion made by Petitioner. As Petitioner explained and expressed to the Honorable Court in Petitioner's Addendum to Petition (Doc. 30) at page 4, 2nd paragraph, "Petitioner began to take steps as how much more evidence had been concealed from Petitioner." Which was the origin of the motion to compel aforementioned including trial judge referencing "petition for writ of mandamus" (Supp. App. at page A303, lines 19-22) which trial judge converted into an "order to show cause" (This instrument's Appendix at page A325, lines 4-8) See also Supp. App. page A338, lines 16-25.

30. Again and unequivocally precise, at no time, not once in all the hearings after August, 2013 trial in case number: 2011-CF-105 or after November 21, 2013 trial has public defender ever produced any document or any testimony to dispute Petitioner's under oath statement that the evidence produced on August 28, 2018 wasn't provided to Petitioner from February 28, 2013 order (App. Supp. at page A75) through the August, 2013 trial, and through the November, 2013 trial until the August 28, 2018 hearing over 5 years after the February 4, 2013 invocation of self-representation of Petitioner in either case number: 2000-CF-2130 or case number: 2011-CF-105. See *Frazier v. State,* 292 So. 3d 848, 850-51 (Fla. 5th DCA 2020) where Petitioner moves the Honorable Court for discharge.) (FN 15).

31. As well, continuing into the January 24, 2018 transcript (Supp. App. at pages A300 – A370) at page A311, lines 20 – 24 trial judge mentions "petition for

writ of mandamus" at lines 20-21 as reverberated from page A303, at lines 21-22 previously referenced above at page A303, of this respectfully submitted supplication. Also, trial judge mentions "a tooth" in line 23-24 "teeth" in which public defender responds to on next page A312 at lines 1-2, "we have not been able to locate the tooth." Effectively exposing incompetence during the apex of judicial punishment upon Petitioner by losing exculpatory evidence. And Petitioner also asserts, "But I have every right to see it." (Emails) on page A313, line 15.

32. Additionally, Petitioner explains to trial court on page A319, lines 1-10 that trying to view videos at 1 hour per day was not possible, "even if I'd had the disc, even if I had access to the disc..." at lines 7-8.

33. And, as mentioned by trial court previously during this January 24, 2018 hearing the Petition at page A303, lines 21-22 Petitioner provides a more definitive explanation on page A325, at lines 2-8 speaking about the petition for writ of mandamus being converted into an "order to show cause," (line 5).

34. To further indicate that both case numbers: 2000-CF-2130 and 2011-CF-105 are endlessly connected is on page A333, lines 16-19. And, on this page A333, state attorney states, on lines 21-23, "He'll [Petitioner] be sure that he's got plenty of time to prepare for his own motions." This patronizing statement was made by state attorney even though Petitioner had just stated on page A330, lines 9-13 "Just for the record, I have not received anything from the state or anything

from the court pertaining—well, pertaining to, anything actually, since I was transferred up there on the 9th of this month." [January, 2018]. This irrepressible attitude the state has is magnified every instance the state wrongly informs the court about evidence public defender was commanded to provide evidence to Petitioner on February 28, 2013 (Supp. App. at page A75) even though each and every time neither the State or Public Defender has ever produced a signed document or any witness to support their perjurous statements. Note Section 837.02, Florida Statutes, (2010). (Page A334, lines 12 through A339, line 16).

35. As Petitioner has provided the Honorable Court with sections of the United States Constitution that are relevant to this case and pertaining to plain error irrefutably exhibiting speedy trial violations in both cases of state courts afore-referenced.

36. Because Petitioner was handcuffed by Lake County, Florida Sheriff's deputies as Petitioner was housed in custody of Lake County Detention Center and Petitioner was shackled with a chain attached from handcuffs to shackles then Petitioner was struck to floor and repeatedly kicked to the extent all of the teeth of Petitioner were removed by dentists of Lake County Sheriff and State of Florida. These beatings and physical attacks by Lake County deputies included destroying exculpatory evidence of Petitioner by Master Deputy McCormick. See case numbers: 2000-CF-2130 and 2011-CF-105.

37. The repeated physical attacks upon Petitioner by Lake County deputies as these hate-filled attacks upon Petitioner and evidence were

repeatedly done during time period Petitioner was recognized by trial court as defense counsel. Because of these attacks of hatred upon Petitioner by Lake County deputies the probabilities that Lake County Sheriff may have intercepted evidence given to the deputies by public defender and trashed the evidence as public defender expressed to Petitioner on June 1, 2017.

38. WHEREAS Petitioner moves the Honorable Court for relief. Please note USPS recently loosing pages A301 through A456 in pages A457-A459.

## FOOT NOTES:

(FN1) See Supplemental Appendix pages A80-A82.

(FN2) United States Military Special Forces Combat Veterans John Randolph Williams – D.O.B. 12/13/1954 and David Wayne Williams – D.O.B. 03/16/1956 (U.S. Army).

(FN3) Supp. App. at pages A80-A82 (~~U.S. Army~~).

(FN4) Note January 24, 2018 hearing at page A325, lines 2 - 21

(FN5) See *Von Waldner v. State*, 860 So. 2d 1061, 1061-1062 (Fla. 5th DCA 2003). See Petition (Doc.2), page 8, Ground Three (a) "public defender case file."

(FN6) CAPD Williams Hilton Stone at Supp. App. pages A76-A78.

(FN7) See Supp. App. at page A418, lines 1 - 21.

(FN8) Robert "Buster" Coburn gave testimony to court witness that Mr. Coburn seen Petitioner with thousands of dollars in cash the day before meeting Ms. Patrick.

(FN9) See Supp App. at page A418, lines 1-9.

16

(FN10) Supp. App. at page A418  , line 7-9

(FN11) U.S.C.A. 6th Amend. Compulsory Evidence.

(FN12) Fla. Statute 924.395; Sanctions 924.395(c)

(FN13) See *Christopher v. State,* 397 So. 2d 406, 407 (Fla. 5th DCA 1981) (holding

Fundamental Error can be filed at any time, in any Court).

(FN14) Supp. App. at pages A300 – A370.

(FN15) See Supp. App. at pages A402-A403

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, this instrument was sent by U.S. Mail to the following parties on ~~December 29, 2025.~~ January 28, 2026

1. United States District Court
   207 Second Street, Room 337
   Ocala, Florida 34475-6666

2. Attorney General
   444 Seabreeze Boulvd Fifth Floor
   Daytona Beach, Florida 32118

## OATH

Under the penalty of perjury I swear and declare the foregoing statement is true and correct.

Signed: Donald Otis Williams
        Donald Otis Williams

Dated: ~~December 29, 2025~~ January 28, 2026

Presented by:  Donald Otis Williams,  U13479
               Union Correctional Institution
               P.O. Box 1000
               Raiford, Florida 32083-1000