UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD OTIS WILLIAMS,

     Petitioner,

v.                                                                     Case No: 5:16-cv-357-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

     Respondent.

_____/

## ORDER

Before the Court is Petitioner Donald Otis Williams's Motion to Supplement his Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 29) and his Addendum to Petition (Doc. 30). In response, Respondents filed a Status Report[1] (Doc. 32) and a Response to Motion to Amend (Doc. 36). Petitioner replied. (Doc. 37).[2] Upon careful consideration, the Court finds that the Motion to Supplement is due to be denied.

## BACKGROUND

On November 5, 2001, Petitioner entered a plea of *nolo contendere* to an amended charge of carjacking and received a sentence of thirty years imprisonment with twenty years suspended on the condition that he complete five years of sex offender probation followed by fifteen years supervised felony probation. *See* Case No. 35-2000-CF-2130

---

[1] Petitioner filed a Reply to the Status Report. (Doc. 35).
[2] Petitioner also filed a Motion for Amended Order (Doc. 34) wherein Petitioner requests that the Court order Respondents to file a response to his Addendum to Petition.

(Lake County, Fla.); Doc. 12; Case No. 5:04-cv-427-Oc-10GRJ (M.D. Fla.). On or about September 17, 2004, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court challenging his November 5, 2001, conviction and sentence. *See* Case No. 5:04-cv-427-Oc-10GRJ. On August 17, 2008, after an evidentiary hearing, the Court denied the petition; and, on February 2, 2009, the Court denied Petitioner's application for certificate of appealability. *See* Case No. 5:04-cv-427-Oc-10GRJ.

On August 1, 2009, Petitioner was released from state prison to serve his term of probation. On April 9, 2010, Petitioner was arrested for petty theft and violating his probation. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-14 at 42–43. On June 4, 2010, Petitioner plead guilty to violating the conditions of his probation, and Petitioner's probation was reinstated with all conditions remaining the same. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-15 at 12.

On October 23, 2010, Petitioner was taken into custody for again violating the conditions of his probation by absconding. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-15 at 25–27. On January 20, 2011, Petitioner was charged with violating additional conditions of his probation — for the robbery, kidnapping, and murder of Janet Louise Patrick. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-16 at 2–3. On November 22, 2013, Petitioner's probation was revoked, and he was sentenced to 20 years incarceration. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-17 T 39, 41–45, 54. The revocation of Petitioner's probation was *per curiam* affirmed on December 9, 2014. *Williams v. State*, 156 So. 3d 1104 (Fla. 5th DCA 2014). Petitioner is currently on death

2

row for the murder of Janet Louise Patrick. *See* Case No. 2011-CF-105 (Lake County, Fla.).

Petitioner submitted his second petition for writ of habeas corpus for mailing on July 8, 2011. (Case No. 5:11-cv-359-WTH-PRL). Petitioner filed various motions to amend and to supplement his petition(s). On August 25, 2014, the Court dismissed Grounds Two, Three, and Four as untimely, and granted Petitioner's motion to amend adding a Ground Six. On January 25, 2016, the Court denied Grounds One, Five, and Six; and denied the Petition with prejudice. (Doc. 57, Case No. 5:11-cv-359).

Petitioner filed a Rule 3.850, Fla. R. Crim. P., motion for postconviction relief, in the state court case raising 26 arguments. The motion was denied by the trial court on March 30, 2016. (Doc. 2 at 7). The appeal of the trial court's order was pending in the Fifth District Court of Appeal ("Fifth DCA") (Case No. 5D16-2355 (Fla. 5th DCA)) when he filed the initial petition for writ of habeas corpus in this case on May 21, 2016. (Doc. 1). The amended petition, docketed on June 2, 2016, raised four grounds related to his November 21, 2013 violation of probation proceedings in case 35-2000-CF-2130. (Doc. 2). By Order dated December 19, 2016, this case was stayed pending the conclusion of his state court proceedings. (Doc. 22). The Fifth DCA *per curiam* affirmed the trial court's denial of Petitioner's Rule 3.850 motion, and mandate issued on August 2, 2017. *See Williams v. State*, 226 So. 3d 855 (Fla. 5th DCA 2017) (table).

After Petitioner's amended petition was filed in this case, Petitioner filed a state habeas petition alleging ineffective assistance of appellate counsel at the sentencing

3

portion of his violation of probation hearing. *See* Case No. 5D2016-2358; *Williams v. State*, 215 So. 3d 1248 (Fla. 5th DCA). The state petition was docketed July 12, 2016. The appellate court found that because the failure to renew to Petitioner the offer of state-appointed counsel prior to sentencing was fundamental error, appellate counsel was ineffective for failing to raise the issue on appeal. On March 24, 2017, the state habeas petition was granted with instructions to vacate the violation of probation ("VOP") sentence and hold a new sentencing hearing at which the trial court must offer to appoint Petitioner counsel. *Williams*, 215 So. 3d at 1249.

On July 13, 2017, *nunc pro tunc* June 13, 2017, the state court vacated and set aside Petitioner's VOP sentence. (Doc. 36-1 at 1). Petitioner's resentencing was delayed. On December 6, 2021, Petitioner was resentenced to time served. (Doc. 36-2 at 1–5). Petitioner did not appeal, and his new judgment and sentence became final on January 12, 2022. A petition for belated appeal was filed in the appellate court on August 15, 2022, but was voluntarily dismissed on October 6, 2022. *See* Doc. 36-3 at 1; Case No. 5D2022-1970 (Fla. 5th DCA). The last filing in Case No. 35-2000-CF-2130 was a January 13, 2023 Order from the Florida Supreme Court denying Petitioner's petition for a writ of mandamus. Case No. SC2022-1474 (Fla.).

On September 8, 2025, Petitioner's Motion to Supplement was docketed. (Doc. 29). In the motion, Petitioner seeks to file an addendum to his amended petition. *See* Doc. 30. The addendum seeks to supplement each of the claims presented in his amended petition filed back in 2016.

4

## MOTION TO AMEND

Under federal habeas law, an application for a writ of habeas corpus generally may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; Fed. R. Civ. P. 81(a)(4); *see also* Rule 12, Rules Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied when appropriate and "are not inconsistent with … these rules."); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (stating Federal Rules of Civil Procedure apply to habeas proceedings, to the extent they are not inconsistent with the statutes that govern habeas proceedings). Federal Rule of Civil Procedure 15 governs amended pleadings in civil cases and provides in relevant part:

> **(a) Amendments Before Trial.**
>
> > **(1) Amended as a matter of course.** A party may amend its pleading once as a matter of course no later than:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
> >
> > **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> >
> > > **....**
>
> **(c) Relation Back of Amendments.**

5

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> > **(A)** the law that provides the applicable statute of limitations allows relation back;
> >
> > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; ...

Fed. R. Civ. P. 15(a), (c).

Because Respondents have filed a Response to the Amended Petition, Petitioner may only amend by Respondent's stipulation, or with a leave of court "when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave to amend should be freely granted, the Court may deny leave to amend if the proposed amendment would unduly delay the proceedings, unduly prejudice the defendant, or constitute an exercise in futility. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). The Eleventh Circuit adheres to this standard in habeas cases. *Moore v. Balkcom*, 716 F.2d 1511, 1526-27 (11th Cir. 1983).

The Motion to Supplement will be denied as an exercise in futility. As an initial matter, the Court lacks jurisdiction over the claims attacking his probation-violation conviction. Federal district courts may not entertain a petition for habeas corpus relief unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require "that the habeas petitioner be 'in

custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Accordingly, once the sentence for a conviction has fully expired, the petitioner is no longer "in custody" for purposes of challenging that conviction. *Id.* at 491-92.

Petitioner fails to satisfy the "in custody" requirement as to the amended claims. The amended claims challenge his November 21, 2013 conviction and sentence for violating his probation. *See* Doc. 30. Because Petitioner's sentence was vacated by the state court on July 13, 2017, *nunc pro tunc* June 13, 2017, and he was resentenced to time served on December 6, 2021, he is no longer in custody under that conviction and cannot challenge it under § 2254. *See Aquino v. Sec'y, Dep't of Corr.*, No. 8:21-cv-278-WFJ-SPF, 2024 WL 361094, at *6 n.6 (M.D. Fla. Jan. 31, 2024) ("When [petitioner] filed his § 2254 petition in 2021, he was not 'in custody' on the violation of a domestic injunction conviction because he received a sentence of time-served on November 20, 2018, and, thus, his sentence fully expired on that date."). Thus, on September 8, 2025, he was not in custody on his violation of probation in Case No. 35-2000-CF-2130 when he filed his amended claims.

Even if the Court had jurisdiction over his claims, they would still fail because they have not been exhausted in state court. Only claims that have been exhausted can be raised in a § 2254 petition. *See Rose v. Lundy*, 455 U.S. 509, 518 (2004) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). It does not appear that any of the claims raised in the addendum (Doc. 30) were raised in the state court, nor does Petitioner

claim that he did, and the Court will not permit Petitioner to amend to include unexhausted claims.

Next, the amended claims do not relate back to the original claims. The proposed amendments do not "add facts and specificity to the original claim[s]", *see Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002), but adds arguments based on things that occurred years later and in a separate case. *See Mungin v. Sec'y, Fla. Dept. of Corr.*, 89 F. 4th 1308, 1322 (11th Cir. 2024) (a claim does not relate back when related to a different type or different time than the original claim).

Accordingly, Petitioner's Motion to Supplement (Doc. 29) will be denied.

## CONCLUSION

Based on the foregoing, it is now

**ORDERED and ADJUDGED**:

1. Petitioner's Motion to Supplement his Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 29) is **DENIED**.

2. Petitioner's Motion for Amended Order (Doc. 34) is **GRANTED** to the extent that Respondents are directed to file a Response to the Amended Petition (Doc. 2), within **60 days** from the date of this Order. The Response shall comply with the Court's previous instructions. *See* Doc. 9. Within **30 days** of the Response, Petitioner may file a Reply.

3.  Petitioner's Motion for Summary Judgment (Doc. 38) is **DENIED**.[3] The

Court will treat the motion as a brief in support of his Amended Petition.

**DONE and ORDERED** at Tampa, Florida, on June 1, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Pro Se Party

---

[3] Section 2254 proceedings in a district court operate in a manner not unlike an appeal of a state court judgment. *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989). As a result, Fed. R. Civ. P. 56 motions for summary judgment, while not prohibited, are not consistent with § 2254 proceedings because petitions are decided immediately by the Court following submission of the pleadings. In addition, the burden shifting portions of Rule 56, *see Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–17 (11th Cir. 1993), do not apply because they are inconsistent with the review mandated by § 2254(d), which imposes a presumption in favor of state court determinations. *See* Rule 12, Rules Governing § 2254 Cases (noting that Federal Rules of Civil Procedure apply in § 2254 cases only to extent that they are not inconsistent with § 2254). As a result, it is most appropriate to treat motions for summary judgment filed by § 2254 petitioners as briefs in support of their petitions.