UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD OTIS WILLIAMS,

Petitioner,

v. Case No: 5:16-cv-357-WFJ-PRL

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

Respondent.
_______________________________________/

**ORDER**

Before the Court is Petitioner Donald Otis Williams's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 2). In response, Respondent filed a Motion to Dismiss. (Doc. 42). Petitioner filed a Reply. (Doc. 44). Upon careful consideration, the Court finds that the Motion to Dismiss is due to be denied, and a Supplemental Response is warranted.

## I. BACKGROUND

On November 5, 2001, Petitioner entered a plea of *nolo contendere* to an amended charge of carjacking and received a sentence of thirty years imprisonment with twenty years suspended on the condition that he complete five years of sex offender probation followed by fifteen years supervised felony probation. *See* Case No. 35-2000-CF-2130 (Lake County, Fla.); Doc. 12; Case No. 5:04-cv-427-Oc-10GRJ (M.D. Fla.). On or about September 17, 2004, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court challenging his November 5, 2001, conviction and

sentence. *See* Case No. 5:04-cv-427-Oc-10GRJ. On August 17, 2008, after an evidentiary hearing, the Court denied the petition; and, on February 2, 2009, the Court denied Petitioner's application for certificate of appealability. *See* Case No. 5:04-cv-427-Oc-10GRJ.

On August 1, 2009, Petitioner was released from state prison to serve his term of probation. On April 9, 2010, Petitioner was arrested for petty theft and violating his probation. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-14 at 42–43. On June 4, 2010, Petitioner plead guilty to violating the conditions of his probation, and Petitioner's probation was reinstated with all conditions remaining the same. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-15 at 12.

On October 23, 2010, Petitioner was taken into custody for again violating the conditions of his probation by absconding. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-15 at 25–27. On January 20, 2011, Petitioner was charged with violating additional conditions of his probation — for the robbery, kidnapping, and murder of Janet Louise Patrick. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-16 at 2–3. On November 22, 2013, Petitioner's probation was revoked, and he was sentenced to 20 years incarceration. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-17 at 39, 41–45, 54. The revocation of Petitioner's probation was *per curiam* affirmed on December 9, 2014. *Williams v. State*, 156 So. 3d 1104 (Fla. 5th DCA 2014). Petitioner is currently on death row for the murder of Janet Louise Patrick. *See* Case No. 2011-CF-105 (Lake County, Fla.).

Petitioner submitted his second petition for writ of habeas corpus for mailing on July 8, 2011. (Case No. 5:11-cv-359-WTH-PRL). Petitioner filed various motions to amend and to supplement his petition(s). On August 25, 2014, the Court dismissed Grounds Two, Three, and Four as untimely, and granted Petitioner's motion to amend adding a Ground Six. On January 25, 2016, the Court denied Grounds One, Five, and Six; and denied the Petition with prejudice. (Doc. 57, Case No. 5:11-cv-359).

Petitioner filed a Rule 3.850, Fla. R. Crim. P., motion for postconviction relief, in the state court case raising 26 arguments. The motion was denied by the trial court on March 30, 2016. (Doc. 2 at 7). The appeal of the trial court's order was pending in the Fifth District Court of Appeal ("Fifth DCA") (Case No. 5D16-2355 (Fla. 5th DCA)) when he filed the initial petition for writ of habeas corpus in this case on May 21, 2016. (Doc. 1). The amended petition, docketed on June 2, 2016, raised four grounds related to his November 21, 2013 violation of probation proceedings in case 35-2000-CF-2130. (Doc. 2). By Order dated December 19, 2016, this case was stayed pending the conclusion of his state court proceedings. (Doc. 22). The Fifth DCA *per curiam* affirmed the trial court's denial of Petitioner's Rule 3.850 motion, and mandate issued on August 2, 2017. *See Williams v. State*, 226 So. 3d 855 (Fla. 5th DCA 2017) (table).

After Petitioner's amended petition was filed in this case, Petitioner filed a state habeas petition alleging ineffective assistance of appellate counsel at the sentencing portion of his violation of probation hearing. *See* Case No. 5D2016-2358; *Williams v. State*, 215 So. 3d 1248 (Fla. 5th DCA). The state petition was docketed July 12, 2016.

The appellate court found that because the failure to renew to Petitioner the offer of state-appointed counsel prior to sentencing was fundamental error, appellate counsel was ineffective for failing to raise the issue on appeal. On March 24, 2017, the state habeas petition was granted with instructions to vacate the violation of probation ("VOP") sentence and hold a new sentencing hearing at which the trial court must offer to appoint Petitioner counsel. *Williams*, 215 So. 3d at 1249.

On July 13, 2017, *nunc pro tunc* June 13, 2017, the state court vacated and set aside Petitioner's VOP sentence. (Doc. 36-1 at 1). Petitioner's resentencing was delayed. On December 6, 2021, Petitioner was resentenced to time served. (Doc. 36-2 at 1–5). Petitioner did not appeal, and his new judgment and sentence became final on January 12, 2022. A petition for belated appeal was filed in the appellate court on August 15, 2022, but was voluntarily dismissed on October 6, 2022. *See* Doc. 36-3 at 1; Case No. 5D2022-1970 (Fla. 5th DCA). The last filing in Case No. 35-2000-CF-2130 was a January 13, 2023 Order from the Florida Supreme Court denying Petitioner's petition for a writ of mandamus. Case No. SC2022-1474 (Fla.).

On September 8, 2025, Petitioner's Motion to Supplement was docketed. (Doc. 29). In the motion, Petitioner sought to file an addendum to his amended petition. *See* Doc. 30. The addendum sought to supplement each of the claims presented in his amended petition filed back in 2016. By Order dated June 1, 2026, the Motion to Supplement was denied, and Respondent was directed to respond to the Amended Petition. (Doc. 39).

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. *See Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016), *abrogation recognized on other grounds by Smith v. Comm'r, Ala. Dep't of Corr.*, 67 F.4th 1335, 1348 (11th Cir. 2023). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Id*. (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)). As such, federal habeas review of final state court decisions is "greatly circumscribed and highly deferential." *Id*. (internal quotation marks omitted) (quoting *Hill v. Humphrey*, 662 F.3d 1335, 1343 (11th Cir. 2011)).

## III. ANALYSIS

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When Petitioner initiated this action, on May 25, 2016, he was serving the sentence entered in the November 21, 2013 violation of probation proceedings in case 35-2000-CF-2130. *See* Case No. 5:11-cv-359-WTH-PRL, Doc. 51-17 at 39, 41–45, 54 (on November 22, 2013, Petitioner's probation was revoked, and he was sentenced to 20 years incarceration). Because he was in custody for his violation of probation in case

35-2000-CF-2130 at the time he filed his amended § 2254 petition, he satisfies the requirements of § 2254(a). *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Nevertheless, a habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Sec'y, Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). Once a petitioner's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. "Ultimately, the burden remains on the petitioner to establish that his case still presents a live 'case or controversy' by demonstrating that a collateral consequence of his imprisonment persists after his release." *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022). "In considering mootness, we look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Id.* at 1106 (citing *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

Here, Petitioner challenges the violation of probation and 20-year sentence imposed in case 35-2000-CF-2130. (Doc. 2 at 1). Because on December 6, 2021, Petitioner was sentenced to time served, and he is no longer in custody based on the

conviction in that case. *See* Doc. 36-2 at 1–5. However, Petitioner states that his violation of probation was used as an aggravating factor in his sentencing in Case No. 2011-CF-105, where he received the death penalty. (Doc. 44 at 7). Thus, Court finds the case is not moot. *See Jamerson v. Sec'y, Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005) ("Completion of a criminal sentence does not render a petition for habeas relief moot, because the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, satisfy the case-or-controversy jurisdictional requirement"); *McCray v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 3536719, at *1 (11th Cir. 2022) (petitioner's appeal of the denial of his § 2254 petition was not "rendered moot by his release from incarceration because he challenges the validity of his conviction, and thus we presume that he is subject to collateral legal consequences.").

## IV. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (Doc. 42) is **DENIED**. Respondent shall file a Response to the Amended Petition (Doc. 2) within **60 days** from the date of this Order. The Response shall comply with the Court's previous instructions. *See* Doc. 9. Within **30 days** of the Response, Petitioner may file a Reply.

**DONE and ORDERED** at Tampa, Florida, on October 19, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>Copies furnished to:</u>**
Counsel of Record
Pro Se Party